■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SKRINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J., at trial; O'Dwyer, J., at sentencing), rendered December 18, 1981, convicting him of criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Sherman, J.), after a hearing, of the defendant's motion to suppress physical evidence, and the denial (O'Dwyer, J.), of his motion to dismiss the indictment.

Ordered that the judgment is reversed, on the law, the defendant's motions to suppress physical evidence and to dismiss the indictment are granted, the indictment is dismissed, and the matter remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The statute which authorizes the appearance of a person before a Grand Jury that is investigating his conduct explicitly provides that the right to appear may be exercised by giving the appropriate notice at any time prior to the filing of the indictment, even if the charges have already been submitted to the Grand Jury (CPL 190.50 [5] [a]). Here, although the indictment had been voted, it had not yet been filed at the time the defendant notified the District Attorney of his intention to testify. Thus, the defendant was entitled to, and was deprived of his statutory right to appear, and the indictment should have been dismissed (see, CPL 190.50 [5] [c]; Matter of Borrello v Balbach, 112 AD2d 1051; People v Gini, 72 AD2d 752).

Further, the defendant's motion to suppress physical evidence should have been granted. The arrest that ultimately resulted in the discovery of a hypodermic needle in the defendant's possession occurred following an alleged purchase of narcotics by an undercover officer. The arresting officer saw the undercover officer approach a group of people, but did not observe the actual transaction. Instead, his action was predicated upon the undercover officer's radio transmission that he had just made the purchase from a "male black wearing a blue hat, blue jacket, dungarees [and] red sneakers". The defendant met that description, but the arresting officer testified that there were other male blacks and numerous blue hats and blue jackets in the group, and he could not recall at the hearing whether the defendant was the only person who met the complete description given by the undercover officer. In these circumstances, although the arresting officer was entitled to rely upon the radio transmission by the undercover officer (see, People v Reddick, 107 AD2d 721, affd 65 NY2d 835; People v Bowdoin, 89 AD2d 986) and there was no need for that officer to testify at the hearing (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852), the information transmitted was insufficient to show it was more likely than not that the defendant was the person who had committed the crime (see, People v Henley, 53 NY2d 403; People v Lane, 102 AD2d 829, appeal dismissed 63 NY2d 865; People v Gordon, 87 AD2d 636). Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.