THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALIM BEY-ALLAH, Appellant.

First Department, December 3, 1987

## APPEARANCES OF COUNSEL

*Arnold S. Cohen* of counsel *(Caesar D. Cirigliano,* attorney), for appellant.

*Marc Frazier Scholl* of counsel '(*Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

Ross, J.

This appeal presents us with the issue of whether an indictment must be dismissed, when a defendant, arraigned in a local criminal court, upon an undisposed of felony complaint, serves on the District Attorney, pursuant to CPL 190.50 (5) (a), prior to the commencement of Grand Jury proceedings, a timely notice of an intention to testify before such Grand Jury, and the District Attorney delays his notice to the defendant of the time to testify until after the Grand Jury has voted an indictment against defendant, but before it has been filed. We find this to be an appellate issue of first impression in this State.

On January 5, 1985, at approximately 8:15 P.M., New York City Housing Police Detective Sidney Desjardin (Detective Desjardin) arrested the defendant, in the lobby of 2698 Eighth Avenue, which is an apartment building in New York County, for the crimes of criminal possession of a weapon in the third degree (Penal Law § 265.02), to wit: a loaded .25 caliber automatic pistol, and, of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), to wit: what appeared to be a quantity of cocaine.

Following this arrest, a felony complaint (complaint), dated January 6, 1985, was prepared and sworn to by Detective Desjardin.

Upon the basis of the filing of this complaint, on January 7, 1985, defendant was arraigned in Criminal Court, New York County. At this arraignment, an Assistant District Attorney (ADA) informed the defendant and his counsel that the matter would be presented to a Grand Jury. It is undisputed by the People that the defendant, through his counsel, pursuant to CPL 190.50 (5) (a), served the ADA with a timely written notice of defendant's intention to appear and testify before that Grand Jury.

CPL 190.50 (5) (a) reads, in pertinent part:

"5. Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:

"(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent * * * [or, when] such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective * * * grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective * * * grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein".

Our examination of CPL 190.50 (5) (a) indicates that the crystal clear objective of this statute is to insure that the District Attorney does not deprive a defendant of an opportunity to testify before a Grand Jury by failing to give timely notice to the defendant of when he or she is to appear (People v Otello, 48 AD2d 169, 170 [1975]).

The arraignment concluded with defendant's incarceration, in lieu of posting $2,500 bail, and the case was adjourned to January 11, 1985, in order for the ADA to take action on the complaint.

Thereafter, the People, without giving the required notice to the defendant, or his counsel, of the prospective Grand Jury proceeding or affording "the defendant a reasonable time to exercise his right to appear as a witness therein" (CPL 190.50 [5] [a]), presented this matter to a New York County Grand Jury on the morning of January 10, 1985. This Grand Jury, without hearing defendant, voted to indict defendant and charge him with the crime of criminal possession of a weapon in the third degree. Later that day, defendant's counsel telephoned the office of the ADA, for the purpose of ascertaining whether a Grand Jury hearing date had been scheduled for defendant's testimony. In response, the ADA, as set forth in an affirmation, admitted, in pertinent part: "[I] informed counsel for the defendant of the fact that a morning Grand Jury had heard evidence in this case and voted an indictment * * * [I] also indicated to counsel for defendant that * * * [I] was willing to honor the defendant's grand jury notice and would be willing to re-open the case before the Grand Jury to allow the defendant an opportunity to testify". In other words,

the ADA was offering the defendant an opportunity to testify before a Grand Jury that had already heard the People's evidence, determined it to be credible, and voted to indict defendant. We find that this choice offered by the ADA to the defendant does "not comport with traditional concepts of fair play and should not be used by a prosecutor" *(People v Reynolds,* 35 AD2d 529, 530 [1970]). Significantly, the People, at page 14 of their respondent's brief, state, in pertinent part, "it would have been better to afford the opportunity to testify before a vote is taken".

As mentioned *supra,* at defendant's arraignment on January 7, 1985, the matter was adjourned to January 11, 1985. On January 11th, the defendant posted bail, and was released from custody. Also, at this scheduled court appearance date of January 11th, defendant appeared with his counsel in Part AP-7 of the New York City Criminal Court. At that time, the ADA, who was handling the case against defendant, informed the court that the Grand Jury had voted to indict the defendant; but, that the indictment had not been filed, since "the defendant may wish to testify before the Grand Jury". In view of the fact that the People acknowledged defendant was not given an opportunity to testify before the Grand Jury, prior to the Grand Jury's vote to indict defendant, the defense counsel stated to the court, in pertinent part, "It's my position that the indictment is defective. The case * * * [was] presented, a vote already taken. Whether or not the indictment is filed is really immaterial. As far as I can see, it is my intention to move to dismiss the indictment and have the case re-presented". Based upon defense counsel's statement *supra,* the defendant refused to testify before the Grand Jury, which had already voted to indict him.

Thereafter, on January 25, 1985, the defendant was arraigned on the one-count indictment that had been voted against him, and which had been subsequently filed. As mentioned *supra,* this indictment charged him with the crime of criminal possession of a weapon in the third degree.

Within four days after defendant's arraignment, on January 29, 1985, defense counsel moved for an order dismissing the indictment as defective, pursuant to CPL 210.20 (1) (c) and 210.35 (4), since allegedly the defendant was denied his statutory right to testify before the Grand Jury, in accordance with CPL 190.50 (5) (a), which was discussed *supra.* CPL 210.20 (1) (c) states, in substance, that after arraignment based upon indictment, a superior court, such as the Supreme Court, may,

on defendant's motion, dismiss the indictment "upon the ground that * * * (c) [t]he grand jury proceeding was defective within the meaning of section 210.35". In pertinent part, CPL 210.35 (4) states a Grand Jury proceeding is defective when "[t]he defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of section 190.50". Even though in their reply to the motion to dismiss, the People admitted they ignored defendant's request to testify, when they presented the matter to the Grand Jury, and the Grand Jury voted to indict, without defendant being given an opportunity to be heard, they nevertheless contended in substance, that defendant's motion should be denied, since the defendant's statutory right to testify was allegedly preserved by the People's offer to permit defendant to testify, after the Grand Jury voted to indict, but before the indictment had been formally filed.

Our examination of the record indicates that defendant's motion to dismiss was timely brought within the statutory time period of CPL 190.50 (5) (c), which requires that the motion be made no more than five days after defendant's arraignment "upon the indictment".

On February 7th, Criminal Term denied defendant's motion to dismiss the indictment; and, on March 18th, Criminal Term denied defendant's motion to reargue that motion.

Subsequently, on April 3rd, Criminal Term denied, without an evidentiary hearing, defendant's motion to suppress the weapon.

On July 9, 1985, defendant's trial commenced; and, thereafter, on July 12, 1985, defendant was convicted by the jury of the crime of criminal possession of a weapon in the third degree. Following his conviction, on January 29, 1986, the defendant was sentenced by Trial Term to five years' probation.

On appeal, the defendant makes three contentions of error: (1) Criminal Term erred in denying his pretrial motion to dismiss the indictment, since defendant had been deprived of an opportunity to testify before the Grand Jury, in violation of CPL 190.50 (5) (a); (2) Criminal Term erred in denying, without an evidentiary hearing, defendant's motion to suppress the weapon; and (3) Trial Term's *"Allen* charge" *(Allen v United States,* 164 US 492, 501-502 [1896]) deprived defendant of due process and a fair trial, since it was coercive.

Since we find merit to defendant's first contention, in which

he claims Criminal Term erred in not granting his motion to dismiss the indictment, we do not pass upon the merits of defendant's other two contentions of error.

The Court of Appeals has held in *People v Wilkins* (68 NY2d 269 [1986]) that defects in Grand Jury proceedings may be raised on appeal, even after conviction. Chief Judge Wachtler stated in his opinion for the court, in *People v Wilkins (supra,* at 277, n 7), in pertinent part: "We decline * * * to adopt the rule of *United States v Mechanik* (475 US [66], 106 S Ct 938) that conviction after trial renders a defect in Grand Jury proceedings harmless error. Our statute, CPL 210.35 (5), provides for dismissal upon the mere possibility of prejudice, and we have consistently held that defects in Grand Jury proceedings (as opposed to claims of insufficiency of evidence to support the indictment, which are barred by CPL 210.30 [6]) may be raised even after a plea of guilty *(see, e.g., People v Dunbar,* 53 NY2d 868)."

We have stated in *Matter of Allcity Ins. Co. (Kondak)* (66 AD2d 531, 535 [1st Dept 1979], *lv dismissed* 48 NY2d 629 [1979]), that "When interpreting a statute we should look to the enactment as a whole, to discern 'the purpose and policy underlying the statute, and [give] the words a meaning which serves, rather than defeats, the ends intended by the Legislature.' *(MVAIC v Eisenberg,* 18 NY2d 1, 3.)"

Applying the standard of statutory construction expressed in *Matter of Allcity Ins. Co. (Kondak) (supra)* to the provisions of CPL 190.50 (5) (a), we find that, based upon the facts of the instant case, "the expressed will of the Legislature" *(Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 479 [1978]) requires the District Attorney to give notice to the defendant to appear to testify prior to the time the Grand Jury votes, since, if the District Attorney delays the notice until after the Grand Jury votes, the defendant will be prejudiced. The prejudice is obvious, since it results from the fact that the defendant will be testifying before a Grand Jury that has already been instructed on the law, discussed the case among themselves, and voted to indict the defendant.

As mentioned *supra,* it is undisputed the defendant in the instant case, when he was arraigned in the Criminal Court, upon an undisposed of felony complaint, notified the District Attorney in writing that he desired to exercise his statutory right (CPL 190.50 [5] [a]) to testify before the Grand Jury, when it convened to hear the case against him. Our review of

the affirmation of the ADA, who was handling the case against defendant, indicates that he received notice of the defendant's desire to testify before the case was even presented to the Grand Jury, but he did not offer any explanation to justify the failure to notify defendant to appear, until after the Grand Jury voted.

Although the defendant has the option, under the provisions of CPL 190.50 (5) (a), of giving notice to the District Attorney of his intent to exercise his statutory right to appear before the Grand Jury "at any time prior to the filing of the indictment" *(People v Skrine,* 125 AD2d 507, 508 [1986]), we do not find any language in the subject provisions, which entitles the District Attorney to withhold, until after a Grand Jury has voted an indictment, but before it files it, notice to a defendant to appear to testify, when that defendant has given written notice to the District Attorney of his intent to testify, even before the Grand Jury received the case. Incidentally, the People do not cite to us any legal authority, which gives them the right to arbitrarily withhold notice, regardless of the circumstances, until after the Grand Jury has voted.

In summary, we find that the provisions of CPL 190.50 (5) (a) were violated by the District Attorney, when defendant was not given notice until after the Grand Jury voted; and, therefore, defendant was prejudiced, by not being "given a reasonable time to exercise his right to appear" *(People v Gini,* 72 AD2d 752, 753 [1979]).

Since we find that the District Attorney violated the provisions of CPL 190.50 (5) (a), by obtaining an indictment, without satisfying the notice requirements discussed *supra,* we also find that the indictment obtained is invalid under the provisions of CPL 190.50 (5) (c), and, upon a motion made within five days after the defendant's arraignment thereon, "must be dismissed". The mandatory language of CPL 190.50 (5) (c) "creates what is a ministerial duty on the part of the court to dismiss an indictment obtained in violation of a defendant's right to appear before the Grand Jury" *(Matter of Borrello v Balbach,* 112 AD2d 1051, 1052 [1985]).

Accordingly, judgment, Supreme Court, New York County (Carol Berkman, J., at pretrial motions; Myriam Altman, J., at trial and sentence), entered January 29, 1986, which convicted the defendant, following a jury trial, of the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02), and sentenced him to a term of five years'

probation, is unanimously reversed, on the law and on the facts, judgment vacated, defendant's motion to dismiss the indictment, pursuant to CPL 190.50 (5) (c), granted, without prejudice to the People to submit the matter to another Grand Jury, if they are so advised, and the matter remitted to Trial Term, for the purpose of entering an order in favor of the defendant, pursuant to CPL 160.50, not less than 30 days after service of this court's order upon the People.

SANDLER, J. P., SULLIVAN, MILONAS and WALLACH, JJ., concur.

Judgment, Supreme Court, New York County, rendered on January 29, 1986, reversed, on the law and on the facts, the judgment vacated, defendant's motion to dismiss the indictment, pursuant to CPL 190.50 (5) (c), granted, without prejudice to the People to submit the matter to another Grand Jury, if they are so advised, and the matter remitted to Trial Term, for the purpose of entering an order in favor of the defendant, pursuant to CPL 160.50, not less than 30 days after service of a copy of this court's order upon the People.