■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KARL YOUNG, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated June 26, 1987, which, *inter alia,* granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the Grand Jury proceeding was defective.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the Grand Jury proceeding was defective is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including disposition of the other branches of the defendant's omnibus motion.

On January 8, 1987, the defendant was arrested and charged in a felony complaint with criminal possession of marihuana in the second degree.

On January 9, 1987, the defendant was arraigned in the Criminal Court and he was served with a notice, pursuant to CPL 190.50 (5) (a), advising him of his right to testify before the Grand Jury.

On January 14, 1987, the matter was presented to the Grand Jury and after hearing testimony and receiving evidence, the Grand Jury was charged on the relevant law and then voted to indict the defendant.

Thereafter, but prior to the filing of the indictment, the defendant, for the first time, orally requested an opportunity to testify before the Grand Jury. The prosecutor agreed to the defendant's request to appear before the Grand Jury and on January 30, 1987, the defendant testified before the Grand Jury. The Grand Jury was recharged and again voted to indict the defendant. Subsequently, the indictment was filed charging the defendant with criminal possession of marihuana in the second degree.

Initially, we find that it was improper for the Supreme Court to dismiss the indictment on the ground that the Grand Jury proceeding was defective because the prosecutor "re-

opened" the case before the Grand Jury to permit the defendant to testify, without court authorization. This court has held that CPL 190.50 (5) (a) provides that a defendant may exercise his right to appear before the Grand Jury by giving appropriate notice at any time prior to the filing of the indictment even if the charges have already been submitted to the Grand Jury and the Grand Jury has voted to indict the defendant *(see, People v Skrine,* 125 AD2d 507, 508). Therefore, in this case, the prosecutor, after waiving appropriate notice from the defendant, could properly permit the defendant to testify before the Grand Jury, without court authorization *(see also, People v Rosenthal,* 197 NY 394, 401, *affd on other grounds* 226 US 260; *People v Rodriguez,* 11 NY2d 279, 285-286). *People v Wilkins* (68 NY2d 269) and *People v Jones* (126 Misc 2d 104), relied upon by Criminal Term are factually distinguishable from this case.

Further, we find no merit to the defendant's contention that dismissal of the indictment was warranted because at the time the defendant had indicated his desire to testify, the prosecutor failed to inform defense counsel that the Grand Jury had already voted to indict the defendant.

Accordingly, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the Grand Jury proceeding was defective is denied, the indictment is reinstated and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including disposition of the remaining branches of the defendant's omnibus motion. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur. *[See,* 136 Misc 2d 121.]