OPINION OF THE COURT
Alan Broomer, J.
Defendant seeks dismissal of his indictment on the grounds that the complainant should have testified personally before the Grand Jury, that once he was again physically able to *539 testify in person he lost his status as a "special witness” whose videotaped testimony could be received in lieu of his "live” testimony.
Thus is posed the novel question of whether a facially proper Grand Jury proceeding is rendered defective by the complainant’s release from the hospital a few days before the Grand Jury hears his videotaped testimony.
HISTORY
The complainant was shot in the abdomen, allegedly by the defendant, underwent surgery and was released from the hospital eight days later.
Pending his release, the People had him declared a "special witness” authorizing playing a videotape of his testimony before the Grand Jury. This was done pursuant to CPL 190.32 and a court order. His testimony was duly memorialized on tape while he was still hospitalized. The following day the tape was played before a Grand Jury.
Prior to the filing of an indictment, the defendant served notice that he wished to testify. The proceeding was aborted and judicial authorization was obtained to re-present the case to another Grand Jury to afford the defendant an opportunity to testify.
The defendant failed to appear before the Grand Jury; his new attorney had decided that he should not testify. The complainant’s videotape was then played before the second Grand Jury which duly voted a true bill. The complainant had been released from the hospital four days before the video was played and presumably was able to appear and testify.
DISCUSSION
Concededly had the complainant testified in person, this opinion would not be necessary. Whenever a complainant is able to testify personally he should, despite the fact that "special witness” status has been obtained. It does not follow, however, that merely because a District Attorney has proceeded differently, it is wrong and that the remedy of dismissing the indictment must follow.
CPL 210.20 enumerates several grounds for the dismissal of an indictment. None of them supports the defendant’s motion. Nor does CPL 190.32, authorizing a variant procedure in lieu of in-person testimony, set forth a procedure governing our situation.
*540 I have read the Grand Jury minutes and find that the evidence heard by that body was legally sufficient to support the charges contained in the indictment (People v Calbud, Inc., 49 NY2d 389), and the Grand Jury was properly charged on the law.
Only by going, outside the Grand Jury proceeding and considering what was unknown to the Grand Jury is the propriety of the use of the "special witness” videotape considered. CPL 190.32 (2) provides that such testimony is "[i]n lieu of [the live testimony]”. I construe that to mean that the videotape is a proper alternative means by which the Grand Jury can hear evidence of the charges against the defendant. I hold that, under the circumstances, the complainant’s quick release from the hospital does not render a proper procedure improper and somehow fatally tainted. Videotaped testimony is a variant procedure provided for by statute and an indictment premised thereon is just as valid as any other.
Since the Grand Jury’s vote is a finding that the defendant, prima facie, was responsible for the complainant’s hospitalization thus triggering the need for the procedure, it would be ironic if his complaint crying "foul” were seriously entertained.
Equally ironic is the fact that the defendant’s vacillation, "I want to testify, no I don’t want to testify,” caused the abortion of the unexceptional first presentation and cast the proceeding in its present light.
Were I to grant the defendant’s motion, it would be with leave to re-present to still a third Grand Jury, which would doubtlessly mirror the action of its predecessor. What benefit warrants such a duplicative action?
Interestingly, defendant’s argument could have been mooted if the prosecutor had given the defendant an opportunity to testify before the first Grand Jury instead of embarking on the unnecessary and lengthy course of withdrawing the case from that body and after obtaining judicial permission, commencing a new presentation before a different Grand Jury. Concededly, since the complainant had just been discharged from the hospital when the first Grand Jury heard his videotape, he was a proper "special witness.” Inexplicably the prosecutor did not invite the defendant to testify before that body, as well he could have. Indeed it is proper for a Grand Jury to hear a defendant who has given late notice, even after they have voted to indict him. The presentation may be *541 opened up at any time before an indictment is filed (People v Young, 138 AD2d 764). It may be that this defendant was given more than his due out of a well-intentioned, but ill-informed, zeal to be scrupulously fair to him. It would have been entirely proper for the prosecutor to have completed his case and sought the vote of the first Grand Jury once the defendant communicated his desire not to testify. Had that been done, the defendant would have received all he was entitled to. It is difficult to see how a completely duplicative procedure before the second body is somehow defective.
Finally, as a matter of sound judicial administration and our State’s public policy, preliminary proceedings that are less than perfect in form (and sometimes substance) should rarely result in the extreme sanction of dismissal. Reflecting that public policy is CPL 210.20 (1) (b) which protects a defective count of an indictment from dismissal (providing any lesser included count is made out) and avoids a resubmission to a new Grand Jury. Should a trial of this indictment follow, only the personal appearance of the complainant will be permitted, not a videotape.
CONCLUSION
I find and hold that the Grand Jury heard only legal and sufficient evidence, that the alternative procedure employed was proper in all respects, that the defendant has sustained no prejudice, that a dismissal and re-presentation would be a waste of time and money without a concomitant benefit, hence not in the public interest and that there is neither statutory nor case law authority for the relief sought. The defendant’s motion to dismiss the indictment is denied.