OPINION OF THE COURT
Simons, J.
In this matter the Grand Jury voted a true bill charging defendant with murder, second degree, and criminal possession of a weapon, second degree, and then, at the prosecutor’s request, vacated the true bill to hear additional evidence. After hearing the additional evidence it voted a new true bill and an indictment was filed charging defendant with the same two crimes. Defendant contends that the second submission was improper because not authorized by the court pursuant to CPL 190.75, and that the indictment which followed it is void.* The trial court agreed and dismissed the indictment with leave to the District Attorney to resubmit the charges to another Grand Jury and the Appellate Division affirmed. A Judge of this court granted the People leave to appeal and we now reverse.
The legal question arises from these facts.
On April 1 and April 3, 1987, a Queens County Grand Jury heard evidence of the July 7, 1985 murder of Darrell Richardson and defendant’s responsibility for it. At the conclusion of the April 3 presentation the Assistant District Attorney instructed the Grand Jury on the law and it voted a true bill *414 charging defendant with murder, second degree, and criminal possession of a weapon, second degree. The Grand Jury did not immediately file the indictment with the court, however, and on April 9, 1987, at the request of the Assistant District Attorney, it vacated its earlier vote and considered new testimony that the shotgun which had been used to kill Richardson, and which had been recovered from defendant on July 10, had been in his exclusive possession on the day of the murder. After the Grand Jury had heard this evidence, the Assistant District Attorney instructed it again and the Grand Jury voted a second true bill containing the same two counts. Defendant maintains that this indictment, subsequently filed with the court, is void.
At common law there was no limit to the power of the prosecutor to resubmit charges to the same or different Grand Juries (see, People v Wilkins, 68 NY2d 269, 273; People ex rel. Flinn v Barr, 259 NY 104; People v Rosenthal, 197 NY 394, 401, affd 226 US 260). The only protection from repeated prosecution available to an individual was the constitutional protection against double jeopardy and that could not be invoked until the time of trial (see, People v Rosenthal, supra). The breadth of this power invited abuse by prosecutors who could resubmit to a more compliant Grand Jury charges previously dismissed by another (People v Wilkins, supra; see also, People ex rel. Flinn v Barr, supra, at 108 [quoting from the notes to the predecessor of the present section contained in the draft Code of Criminal Procedure]). Accordingly, the Legislature, over the years, enacted several provisions in the Criminal Procedure Law, and its predecessors, to check such abuses. We are concerned here with CPL 190.60 (4) and 190.75 (1), (3) (derived in part from former Code of Criminal Procedure §§269, 270). Although the statutes neither prohibit nor authorize the procedure followed here explicitly, defendant maintains that the District Attorney’s powers are limited by them.
By their terms, the sections apply only to prior "dismissals” and require judicial permission to resubmit charges when the first Grand Jury hearing the evidence has rejected it as insufficient (CPL 190.75 [1], [3]; see, People v Wilkins, 68 NY2d 269, 273, supra; Bellacosa Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.75, at 342). Thus, we consistently held in the past, when applying the Code of Criminal Procedure, that a court order was not necessary for resubmission unless there was an initial refusal by a Grand *415 Jury to indict or a prior court dismissal of the indictment (People v Rodriguez, 11 NY2d 279, 286; People ex rel. Flinn v Barr, supra; People v Rosenthal, supra; see, Code Crim Pro § 292-a). Nothing in the Criminal Procedure Law was intended to change that rule; under the present statute a superseding indictment may also be obtained without court authorization (Matter of De Canzio v Kennedy, 67 AD2d 111, 119-120; and see, CPL 200.80). If the Grand Jury has voted favorably on the charges, the District Attorney is at liberty to resubmit the matter to the same Grand Jury, without the necessity of recalling witnesses who have previously testified and rehearsing the evidence (see, People v Salerno, 3 NY2d 175, 177; People v Puig, 85 Misc 2d 228; People v Falasco, 121 Misc 538), or to an entirely new Grand Jury without court approval and obtain a superseding indictment. As long as the action does not impair the integrity of the Grand Jury proceedings or risk prejudice to the defendant (CPL 210.35 [5]), and we perceive no danger of either in this case, the indictment against defendant may stand.
The action of this Grand Jury was not unlike the procedure followed in People v Young (138 AD2d 764) and People v Skrine (125 AD2d 507). In those cases the Appellate Division approved the Grand Jury’s action of reopening the proceedings after a true bill had been voted, notwithstanding the lack of any statutory authority for doing so, upon applications by a defendant seeking to exercise his statutory right to appear. A similar ruling is appropriate under the circumstances presented in this case.
The trial court and the Appellate Division believed dismissal was mandated by our recent decision in People v Wilkins (68 NY2d 269, supra). In Wilkins we held that when the prosecutor unilaterally withdrew a case from the grand jurors before they had an opportunity to vote, he could not resubmit the matter without court authorization. Noting that the purpose of CPL 190.75 (3) was to check the practice of resubmitting a matter to a new Grand Jury once the evidence had been rejected, we concluded that under the circumstances of that case the Grand Jury’s failure to vote a true bill was a rejection of the People’s evidence and therefore the equivalent of a dismissal. That being so, court approval was required before the District Attorney could submit the matter to another Grand Jury. Notwithstanding the good faith of the District Attorney in Wilkins, approval of his conduct could have lead to precisely the abuse the Legislature sought to *416 avoid by CPL 190.75 (3) and its predecessors: the prosecutor, apprehensive of dismissal, could have withdrawn the case after the Grand Jury had considered the evidence but before it had voted and resubmitted the charges to another Grand Jury, and he could have done so repeatedly until a favorable result was obtained (see, id,., at 275).
The circumstances of this case differ significantly. On April 3 the Grand Jury voted to indict. Once it had accepted the People’s evidence as sufficient to support the charges, the District Attorney had no need to forum shop for a more compliant Grand Jury. The potential for undermining the statute no longer existed and judicial intervention wets no longer required.
Defendant also contends that because CPL 190.65 (3) provides that upon voting an indictment the Grand Jury "must” file it with the court, the failure to file the April 3 indictment immediately was a jurisdictional defect. The provision is only directory, however, and imposes no time limits on filing (see, Dawson v People, 25 NY 399, 405-406). Its requirements were met when the indictment voted April 9 encompassing all the proceedings on the charges was filed with the court.
Nor is there any reason to interpret either the failure to file the original indictment or its vacatur as a dismissal of the charges, as defendant and the amicus curiae brief of Legal Aid Society urge. The Grand Jury voted to vacate and reopen, without filing the indictment, so that it could receive additional evidence supporting charges it had already approved. Its actions cannot be treated as a dismissal because they were not the equivalent of a rejection of the People’s evidence. Quite the contrary, they signify acceptance, not rejection. Manifestly, the Grand Jury found the evidence sufficient on April 3 and again, after supplementation, on April 9.
As a practical matter, the District Attorney could have accomplished precisely the same result here by obtaining a superseding indictment without court approval; he needed only to file the original indictment endorsed by the Grand Jury and then re-present the matter to the same or another Grand Jury. Indeed, the prosecutor could have obtained a superseding indictment even if the existing one was subject to a pending motion to dismiss and the motion was subsequently granted by the court (see, People v Leyra, 1 NY2d 199, 202-203).
*417 In view of these available alternatives, and the results to be expected from pursuing them, the procedure urged by defendant would only consume limited prosecutorial and judicial resources needlessly. The prosecutor, having already presented enough evidence to convince the Grand Jury to indict and choosing only to supplement the proof, had little reason to obtain a superseding indictment and there was nothing improper in his failure to do so. Unless the proceedings have been flawed or the District Attorney’s actions have risked some prejudice on defendant within the meaning of CPL 210.35 (5), and we see none, he was free to act as he did.
In conclusion, several points raised by the dissenters must be addressed. They find only two possible explanations for the procedure used here: (1) that the prosecutor asked the Grand Jury to void the true bill and resubmitted out of fear the Grand Jury would expire and new Grand Jury would look less favorably on the evidence or (2) the prosecutor did not wish to expose the case to a motion to dismiss for legal insufficiency (dissenting mem, at 421). There is nothing in the record, however, to suggest that the prosecutor here acted as he did out of any conviction that the evidence before the Grand Jury was inadequate or that dismissal was likely. Moreover, there are other reasons why a prosecutor or a Grand Jury would choose to reopen the evidence. The prosecutor might, for example, supplement the evidence to bring additional or higher charges, to introduce exculpatory material (see, People v Valles, 62 NY2d 36, 38-39), or to allow a defendant the opportunity to testify (see, CPL 190.50; People v Young, supra; People v Skrine, supra). Although the dissenters presumably would not accept as legitimate these reasons for following the procedure used here, we find no fault with the actions of the Grand Jury and no reason to invalidate the indictment in the absence of grounds for dismissal under CPL 210.35 (5).
The dissenters also contend that the procedure evades the statutory requirements of CPL 200.80 concerning superseding indictments and the holding provisions of CPL 180.80. Contrary to the statement in the dissent, CPL 200.80 does not authorize, nor do we concede that it authorizes, re-presentment of a case only by means of a superseding indictment. The section is silent on the procedure used here (see, dissenting mem, at 419). Thus, the dissent’s observation that there was an authorized solution to the problem, derived from our opinion in People v Wilkins (68 NY2d 269, supra), is based on an incorrect premise.
*418 Nor is there anything in the record to support the dissenters’ contention that, in the absence of filing, the procedure was used to evade the requirements of CPL 180.80. There was nothing to be gained here by obtaining a superseding indictment and, inasmuch as the statutes did not require the prosecutor to do so, the requirement of filing under the circumstances, was a formality which would not more adequately protect the defendant’s rights.
Finally, it should be emphasized that the statutory limitation upon resubmitting a case only once applies to cases in which the Grand Jury or court has rejected the People’s evidence. The purpose of the limitation is to prevent harassment of a potential defendant. If the Grand Jury has not rejected the People’s evidence but rather accepted it, the reason to invoke the limitation no longer exists.
In conclusion, we are obliged to comment on observations made by the trial court and the Appellate Division concerning quorum requirements (see generally, CPL 190.25 [1]). Defendant did not question the quorum in his omnibus motion and the parties did not address that subject in the trial court. Moreover, the issue was not raised in the Appellate Division and that court should not have considered it on the People’s appeal (see, People v Goodfriend, 64 NY2d 695).
Accordingly, the order of the Appellate Division should be reversed and the indictment reinstated.

 CPL 190.75 (1), (3) provides: "When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”