■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SHERVINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 5, 1987, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the prosecutor was not required to seek permission of the court prior to resubmitting charges to a Grand Jury after a previously voted true bill had been vacated at the prosecutor's request.

The record reveals that after obtaining an indictment charging the defendant with murder in the second degree, the prosecutor requested that the grand jurors vacate the true bill

they had voted. Thereafter, and without requesting permission from the court pursuant to CPL 190.75 (3), the prosecutor represented the same evidence to the Grand Jury but included an instruction with respect to the defense of justification. The defendant contends that the second indictment obtained upon resubmission by the prosecutor was void since the prosecutor failed to obtain permission of the court prior to resubmitting the charge to the Grand Jury. We disagree.

The Court of Appeals recent holding in *People v Cade* (74 NY2d 410) is dispositive of the defendant's contentions. In *Cade,* the prosecutor requested that the Grand Jury vacate a true bill it had voted and, without permission of the court, resubmitted additional evidence and obtained a second indictment charging the defendant with commission of the same crimes. The Court of Appeals rejected the defendant's contention that the second indictment was void by virtue of the prosecutor's failure to obtain permission to resubmit the charges noting, *inter alia,* that in the absence of some prejudice to the defendant within the meaning of CPL 210.35 (5), the prosecutor "was free to act as he did" *(People v Cade, supra,* at 417). Since the same procedure sanctioned by the Court of Appeals in *Cade* was followed at bar, the defendant's contentions of impropriety must be rejected. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.