■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND DILLARD, Appellant.—Judgment of the Supreme Court, New York County (Frank J. Blangiardo, J., at suppression hearing and motion to dismiss; Rena Uviller, J., at trial

and sentence), rendered May 19, 1988, convicting defendant, after a jury trial, of two counts of burglary in the third degree and sentencing him as a predicate felon to concurrent indeterminate terms of from 2½ to 5 years' imprisonment, is unanimously affirmed.

A defendant has the right to testify before the Grand Jury if he gives written notice of his intention before an indictment has been filed against him (see, CPL 190.50 [5] [a]; *People v Skrine*, 125 AD2d 507, 508). It is disputed whether defendant gave oral notice at his arraignment of his intention to testify before the Grand Jury. Before the next court date, when defendant made an undisputed oral request to testify, a Grand Jury voted a true bill charging defendant, but it had not yet been filed. After defendant testified before the same Grand Jury that had initially voted to indict him, the Grand Jury revoted and returned a true bill which subsequently resulted in the filing of an indictment.

After a Grand Jury has voted a true bill which has not been filed as an indictment, the People may return to the same Grand Jury to introduce additional evidence and allow them to vote a second time *(People v Cade*, 74 NY2d 410, 415). "The prosecutor might, for example, supplement the evidence to bring additional or higher charges, to introduce exculpatory material * * * or to allow a defendant the opportunity to testify" *(People v Cade, supra,* at 417; *see also, People v Young*, 138 AD2d 764). Accordingly, the Grand Jury proceedings herein were not defective. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.