OPINION OF THE COURT
Martin Marcus, J.
This case raises the question whether, pursuant to CPL 190.50 (5) (a), a defendant who initially "reserves” his right to testify before the Grand Jury, and then gives notice of his intention to testify only after the Grand Jury has voted an indictment against him, may insist upon testifying before a new Grand Jury. For the reasons set forth in this opinion, I conclude that he may not, and that CPL 190.50 (5) (a) is satisfied if he is afforded an opportunity to testify before the original panel.
On December 28, 1990, the defendant was charged by a *137 Grand Jury of Bronx County with murder in the second degree (Penal Law § 125.25), manslaughter in the first degree (Penal Law § 125.20), two counts of attempted assault in the second degree (Penal Law §§ 110.00, 120.05), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01). He was arraigned on the indictment on January 15, 1991, and entered a plea of not guilty. In a timely motion dated January 11, 1991, the defendant moved for dismissal of the indictment pursuant to CPL 190.50 (5) (c). The defendant claims that although he gave notice of his intention to testify before the Grand Jury as provided in CPL 190.50 (5) (a), he was not given an appropriate opportunity to do so. The People, on the other hand, maintain that the defendant did not give notice until after the Grand Jury had already voted the indictment, and that he thereafter waived his right to testify before the indictment was filed. The relevant facts are uncontested, except as otherwise indicated.
The defendant was arrested at approximately 10:20 a.m. on December 5, 1990, for a murder allegedly committed on or about September 2, 1990. At his Criminal Court arraignment on December 6, the People gave notice of their intention to present the case to the Grand Jury. As both parties agree, and as the court file reflects, the attorney then representing the defendant "reserved” the defendant’s right to testify before the Grand Jury. The matter was then adjourned to December 11, 1990. The defendant does not claim that at his Criminal Court arraignment, or at any time prior to the Grand Jury vote, he otherwise gave written or oral notice of his intention to testify.
On Friday, December 7, 1990, the People "fully presented” their case before the Grand Jury, but did not ask the Grand Jury to vote on any charges. Given the hour of the defendant’s arrest on December 5, the time CPL 180.80 permitted him to be held without an indictment being voted was to expire at 10:20 a.m. on Tuesday, December 11. At some point on Monday, December 10, the Assistant District Attorney who had presented the case to the Grand Jury sought, ex parte, "to waive CPL § 180.80 * * * so as to afford the defendant a last chance to clear up this reservation of his right to testify.” Understandably, the court declined to consider the matter ex parte. The People assert that because Grand Jury proceedings begin at 10:30 a.m., if the Assistant had waited until the following day for the Grand Jury vote, it would have occurred after the 10:20 a.m. deadline set by CPL 180.80. Sometime on *138 the afternoon of Monday, December 10, 1990, presumably after the People’s ex parte application was denied, the Grand Jury was asked to consider the charges and voted to return the indictment.
That same day, but after the Grand Jury’s vote, the defendant’s present attorney, not the one who appeared at the Criminal Court arraignment, spoke for the first time with the Assistant District Attorney, and — according to the account in his initial motion papers — "re-iterated his client’s desire to testify in the grand jury.” From the subsequent statements of both parties, however, it is clear that in this conversation, the attorney neither gave notice of the defendant’s intention, nor repeated any notice given earlier. The defendant concedes, of course, that his original attorney had done no more than "reserve” his right to testify. In his first contact with the prosecutor, his new attorney went no further. In their description of the conversation, the People assert that the defendant’s attorney told the Assistant that he had not yet spoken to his client, and that he would waive his client’s rights under CPL 180.80. In his reply, the defendant’s attorney, in essence, accepts this description, stating that he told the prosecutor that he was waiving CPL 180.80 "so that [he] could properly speak to [his] client and investigate the matter before making a proper decision with regard to his testifying.” Thus, up to this point, the defendant had still not expressed an intention to testify.
In this same conversation, the Assistant informed the defendant’s attorney that an indictment had already been voted. The attorney insisted that if the defendant did choose to testify, it would have to be before a new Grand Jury. The Assistant indicated that she would agree only to permit the defendant to testify before the Grand Jury that had already heard the evidence and voted the indictment, and that if he requested it, she would reopen the Grand Jury proceeding for that purpose. On December 11, 1990, the adjourned date, the defendant’s attorney stated in Criminal Court, for the first time, that the defendant wanted to testify. The defendant again waived his rights under CPL 180.80, and the case was adjourned until December 19, 1990.
In a letter to the Assistant District Attorney dated December 13, 1990, the defendant’s attorney now reiterated that his client wished to testify before a new Grand Jury, and to have other witnesses appear as well. In Criminal Court on December 19th, the People reasserted that they would permit the *139 defendant to testify only before the original panel. The defendant, through his attorney, refused to appear before that Grand Jury, insisting again that he was entitled to have his case heard by a panel that had not yet voted to return an indictment against him. The case was then adjourned to January 15, 1991, for the defendant’s arraignment on the previously voted indictment. Thereafter, the defendant filed the instant motion.
The defendant’s motion raises two questions. The first is whether the defendant in any way gave notice of his intention to testify before the Grand Jury prior to the time the indictment was voted. The second is whether, after the defendant’s present attorney entered the case and gave notice that his client intended to testify, the People were required to represent the case to a new Grand Jury and permit him to testify before that body.
From the uncontested facts before me on this motion, the answer to the first question is clear: prior to the time the indictment was voted, the defendant did not give notice of his intention to testify. The defendant’s decision to testify was apparently made, and notice of that decision was unquestionably given, only after the Grand Jury had voted.
In order to assert his right to testify before the Grand Jury, a defendant must "prior to the filing of any indictment * * * serve * * * upon the district attorney of the county a written notice making such request” (CPL 190.50 [5] [a]). Oral notice, even if given by the defendant’s attorney at arraignment, fails to satisfy the statute (see, People v Harris, 150 AD2d 723 [2d Dept 1989]; People v Reynolds, 35 AD2d 529 [2d Dept 1970]), unless the People waive the requirement of a writing and accept an oral statement. (See, People v Young, 138 AD2d 764 [2d Dept 1988]; People v Gini, 72 AD2d 752 [2d Dept 1979]; People v Gleason, NYLJ, Aug. 23, 1990, at 19, col 1 [Sup Ct, Bronx County].)
Whether given in writing or accepted orally, however, the notice must be of his intention to testify. An attempt merely to "reserve” the right, even in writing, is insufficient to trigger the People’s obligations under the statute. (People v Leggio, 133 Misc 2d 320 [Sup Ct, NY County 1986].) By "reserving” the right, the defendant indicates neither that he intends to testify nor that he intends not to testify, but only that he is aware of his right to appear and has not yet decided whether to exercise it. Such language, then, only "reiterates a *140 right which the Legislature created for any defendant” (People v Leggio, 133 Misc 2d, supra, at 322), and does not require the People to notify the defendant to appear before the Grand Jury.
Here the defendant does not claim his original attorney expressed, either in writing or orally, the defendant’s intention to testify. Indeed, the defendant concedes that prior counsel had done no more than "reserve” his right to appear. Despite this concession, the defendant paradoxically argues that the Assistant’s ex parte application to extend the CPL 180.80 time somehow represents an acknowledgement that she had received notice of the defendant’s unexpressed intent.
It is, of course, true that an extension of CPL 180.80 time may be justified where a defendant has given notice of his intention to testify and the People have been unable to provide him with an opportunity to do so. (See, e.g., People v De Jesus, 148 Misc 2d 198 [Crim Ct, NY County].) However, the Assistant’s CPL 180.80 application in this case cannot alter the fact that the defendant had, at the time of the application, not yet given notice. The People allege that the Assistant acted "to afford the defendant a last chance to clear up [the defendant’s] reservation of his right to testify,” and the defendant requests a hearing to clarify her purpose. Such a hearing, however, is unnecessary for the resolution of his motion. Whatever the Assistant’s purpose, it is impossible to construe her action as an acknowledgement of an intention the defendant had apparently not yet even formed, and had certainly not yet communicated to the People.* Nor can or does the defendant argue that he failed to communicate his intention to testify before the Grand Jury’s vote because he relied upon an application of which he was entirely unaware.
Whatever the Assistant District Attorney’s motivation, nei *141 ther the defendant’s "reservation” nor the Assistant’s ex parte application shifted the burden under CPL 190.50 (5) (a). Until the defendant provided notice of his intention to testify, the People had no obligation to provide him with an opportunity to appear. (See, People v Harris, supra, at 724 [oral notice at arraignment that defendant wished to testify " 'subject * * * to final determination by [his] attorneys’ ” does not meet the statute’s requirements even where prosecutor made good faith effort to contact defendant’s attorneys]; compare, People v Leon, NYLJ, Nov. 20, 1990, at 29, col 5 [Sup Ct, Queens County] [once defendant gives notice of his intention to testify, prosecutor must honor his request for a reasonable adjournment].)
While the defendant thus did not give notice prior to the Grand Jury’s vote, he unquestionably did so, orally and in writing, before the indictment was filed. Since a defendant’s right to testify is triggered by the giving of notice "prior to the filing of any indictment” (CPL 190.50 [5] [a]), even if after the Grand Jury vote, the defendant’s notice here was (at least to that degree) timely, and it required the People to give him an opportunity to testify. (People v Skrine, 125 AD2d 507 [2d Dept 1986].) The People did, in fact, afford the defendant that opportunity, but only before the Grand Jury that had already voted to indict him. In Criminal Court, the defendant refused to appear before that Grand Jury and insisted that it was his right to appear before a new one. Unless the defendant’s position in Criminal Court was correct, his counseled refusal to testify before the original panel constitutes a waiver of his right to testify.
The defendant relied in Criminal Court, and relies here, upon People v Bey-Allah (132 AD2d 76 [1st Dept 1987]). In that case, although the defendant had given notice before the matter had been presented to the Grand Jury, the People did not offer him the opportunity to testify until after the matter was presented and the Grand Jury had already voted an indictment. The court held that CPL 190.50 (5) (a) required the People to permit the defendant to testify before the vote, and that its failure to do so had prejudiced the defendant. The prejudice, the court said, was obvious, "since it results from the fact that the defendant will be testifying before a Grand Jury that has already been instructed on the law, discussed the case among themselves, and voted to indict the defendant.” (132 AD2d, supra, at 81.) Because the People had received notice before the presentation, and offered no justifi *142 cation for their failure to notify the defendant to appear before the vote was taken, his indictment was dismissed. In this case, however, the defendant’s failure to give the People notice before the vote supplies what was missing in Bey-Allah, that is, an obvious explanation of why the offer to testify came only thereafter.
In Bey-Allah (supra), the court rejected the argument that because the statute permits a defendant to give notice any time before an indictment is filed, the People are free to permit the defendant to testify at any time they choose up to that point, including after the Grand Jury has voted. (People v Bey-Allah, 132 AD2d, supra, at 82.) So, too, in this case I reject the proposition that because a defendant may give notice even after the vote, he may thereby require that a case be presented to a new Grand Jury. The Second Department has so held in People v Young (138 AD2d 764 [1988]). There, as here, after the Grand Jury’s vote the defendant gave oral notice of his intention to testify. Although the defendant testified before the same Grand Jury panel that had already heard the case and voted a true bill, and although the People had even failed to disclose to the defendant that the Grand Jury had already taken action against him, the court upheld the indictment. Thus Bey-Allah has no application to a defendant, like the one here, who fails to give notice before the Grand Jury has voted.
Moreover, even if the defendant could contend that he had given notice before the vote, it appears that Bey-Allah (supra) is no longer valid authority for the relief he seeks. In People v Dillard (160 AD2d 472 [1st Dept 1990], lv denied 76 NY2d 847 [1990]), the First Department has apparently overruled, sub silentio, its own decision in Bey-Allah. (See, People v Ward, Sup Ct, Bronx County, Oct. 22, 1990, Donnino, J., indictment No. 4532/90.) In Dillard, the defendant claimed, but the People denied, that before the Grand Jury vote he had given oral notice of his intention to testify. Both sides agreed, however, that after the vote and before the indictment was filed, he had made such a request. The defendant appeared before the panel that had voted the indictment, which heard his testimony and again voted to indict. On appeal, his indictment by that Grand Jury was upheld.
An examination of the briefs submitted in Dillard (supra) reveals that the parties squarely presented to the First Department the question whether Bey-Allah (supra) required dismissal of the indictment. The defendant argued that by *143 appearing before the Grand Jury that had already indicted him, he had experienced the same prejudice Bey-Allah had prohibited. The People argued that People v Cade (74 NY2d 410 [1989]), which held that a prosecutor could present additional evidence to a Grand Jury after it had voted an indictment, had eviscerated the Appellate Division decision in Bey-Allah.
In affirming the denial of the motion to dismiss in Dillard (supra), the First Department made no mention of Bey-Allah (supra), and no reference to the type of prejudice Bey-Allah had found to result from a Grand Jury vote. It did, however, quote that part of the decision of the Court of Appeals in Cade (74 NY2d, supra, at 417), which recognized that a prosecutor might, " 'for example, supplement the evidence to bring additional or higher charges, to introduce exculpatory material * * * or to allow a defendant the opportunity to testify’ ”. (People v Dillard, supra, at 473.) Dillard also cited in support of its holding the Second Department’s decision in People v Young (supra), finding no defect in a defendant’s appearance before a Grand Jury that had already voted to indict him. While in Young the defendant requested to testify only after the indictment had been voted, its application to the facts in Dillard, where the defendant claimed to have given notice before the vote, is clearly inconsistent with Bey-Allah. Thus, I find, as the court did in Ward (supra), that Dillard has overruled Bey-Allah.
The defendant would distinguish Dillard (supra) by claiming that there the defendant waived his right to a second Grand Jury by voluntarily agreeing to appear before the first one, and here the defendant preserved his right by refusing to do so. There is, however, no reference by the court in Dillard to any such waiver. To the contrary, Dillard’s favorable reference to Young (supra) makes clear that waiver played no part in the Dillard holding. Because the defendant in Young testified before the Grand Jury not knowing that it had already voted to indict him, he can hardly be said to have waived a right to appear before one that had not. In sum, it is the defendant in Dillard, who by testifying in that case, exercised his statutory right, and it is the defendant in this case who, by refusing to testify in this case, waived it. The choice of which Grand Jury would hear his testimony was simply not his to make.
The defendant also argues that he 'was deprived of the opportunity to present other witnesses before the Grand Jury. *144 The defendant’s right to request that a Grand Jury hear such witnesses is, of course, not as absolute as his right to testify himself. (See, CPL 190.50 [6].) In any case, he waived his right to request that the Grand Jury hear such witnesses when he declined to present them to the original Grand Jury.
Finally, I have considered and rejected the defendant’s invitation at oral argument to dismiss the indictment in the interests of justice. I find in these circumstances, where the defendant received and refused an appropriate opportunity to appear before the Grand Jury, no reason to require the People to re-present the case.

 In paragraphs 2 and 3 of his reply statement, the defendant’s attorney states that the reason the Assistant gave in Criminal Court for the voting of the defendant’s indictment was the impending expiration of CPL 180.80 time, and that, "At no time did [the Assistant District Attorney] state to me on December 10, 1990 (the day before the CPL 180.80 date) that the Grand Jury had voted an indictment because no notice had been given re: defendant’s desire to testify.” (Emphasis in original.) Obviously, neither of these two facts is, as the defendant contends, inconsistent with the People’s position, and the defendant’s factual (albeit not legal) concession, that no notice of the defendant’s intention had yet been given. Moreover, the Assistant’s failure to make an affirmative statement to the defendant’s attorney concerning the lack of notice is simply irrelevant, in particular since they spoke only after the Grand Jury had already voted.