◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT TIRADO, Also Known as WILLIE TIRADO, Appellant. [602 NYS2d 273] —Judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: Defendant was arrested on June 12, 1991. He was arraigned the following day in Syracuse City Court on a felony complaint charging him with assault in the first degree and criminal possession of a weapon in the third degree. A preliminary hearing was scheduled but apparently never conducted. On October 4, 1991, the Onondaga County Grand Jury returned an indictment charging defendant with assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (Penal Law § 120.05 [2]), assault in the third degree (Penal Law § 120.00 [1]), and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant was arraigned on the indictment on October 8, 1991.

On October 11, 1991, defendant filed a motion to dismiss the indictment pursuant to CPL 190.50 and 210.20 on the ground that the District Attorney failed to notify defendant of the Grand Jury proceeding and accord defendant an opportunity to appear before the Grand Jury. We find no response from the District Attorney in the record. Supreme Court summarily denied defendant's motion on the ground that "it wasn't made timely". Defendant was subsequently found guilty, following a jury trial, of assault in the first degree.

Supreme Court erred in denying defendant's motion to dismiss the indictment pursuant to CPL 190.50. Ordinarily, the target of a Grand Jury investigation is not entitled to any sort of notice that a Grand Jury proceeding against him is in progress or about to occur (see, CPL 190.50 [5] [a]). There is a statutory exception, however, that applies to "a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" (CPL 190.50 [5] [a]). "In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as

a witness therein" (CPL 190.50 [5] [a]). The purpose of that exception is to provide an opportunity for a defendant to negate probable cause and avoid indictment *(see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, at 284).

The record establishes that defendant falls within the purview of CPL 190.50 (5) (a) and that defendant's motion to dismiss was timely made within the statutory five-day time period of CPL 190.50 (5) (c) *(see, People v Bey-Allah,* 132 AD2d 76, 80; *People v Suarez,* 103 Misc 2d 910, 911). Thus, the People's argument that defendant waived his rights pursuant to CPL 190.50 is without merit *(see, People v Reddy,* 108 AD2d 945, 946), and defendant's motion should have been granted *(see, People v Mason,* 176 AD2d 356, 357, *lv denied* 79 NY2d 921; *People v Bey-Allah, supra,* at 82). (Appeal from Judgment of Onondaga County Court, Brandt, J., trial; Supreme Court, Gorman, J., motions—Assault, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Boomer and Boehm, JJ.