Chief Judge Kaye
(dissenting). I agree with the majority that the "critical issue” here is construction of CPL 170.20 (2) (a). (Majority opn, at 642.) I cannot agree, however, with the majority’s resolution of that issue.
Defendant was arrested on December 1, 1989 and the next day charged in Criminal Court with criminal trespass and criminal mischief, both misdemeanors. On December 4, defendant was produced in Criminal Court, where the Assistant District Attorney obtained an adjournment to December 8, pursuant to CPL 170.20, for the purpose of seeking a felony indictment before the Grand Jury. On December 7, the Grand Jury voted to indict defendant for second degree burglary.
On the December 8 adjourned date, defendant again appeared in Criminal Court, and this time pleaded guilty to the misdemeanor trespass charge, admitting in a full allocution by the court that he had broken a lock and entered complainant’s house. On the record, the People consented to entry of the misdemeanor plea.
Five days later, on December 13, the burglary indictment was filed in Supreme Court, Kings County. Defendant’s motion to dismiss that indictment on double jeopardy grounds was denied, and he was convicted of attempted burglary in the second degree. This Court, erroneously in my view, now affirms defendant’s conviction on the ground that "Criminal Court was divested of jurisdiction pursuant to CPL 170.20 when, on December 4, 1989, the Assistant District Attorney requested an adjournment to present the case to the Grand Jury and an indictment resulted prior to the December 8 plea.” (Majority opn, at 641.)
CPL 170.20 provides that, following an adjournment granted to the District Attorney for the purpose of seeking an indictment, "[i]f such charge is presented to a grand jury within the designated period and either an indictment or a dismissal of such charge results, the local criminal court is thereby divested of jurisdiction of such charge” (CPL 170.20 [2] [a]). *644 Thus, under the statute, Criminal Court jurisdiction is divested when an indictment or dismissal "results.”
The majority now holds that the point at which an indictment "results” under CPL 170.20 is different from the time when an indictment is filed. This misreads the statute. The word "results” is used in CPL 170.20 (2) (a) to accommodate "either an indictment or a dismissal. ” (Emphasis supplied.) It does not change the requirement of filing for an indictment.
An indictment is defined in the CPL as "a written accusation by a grand jury, filed with a superior court” (CPL 200.10). By definition an indictment "results” when it is filed.*
In this case, if the original adjourned date did not "afford[ ] the district attorney reasonable opportunity” to complete the Grand Jury process (CPL 170.20 [2]), the proper procedure was to seek another brief adjournment to do so. To affirm defendant’s conviction in the circumstance presented condones what is at best sloppy practice, and in the process enlarges the statutory definition of an indictment.
I would reverse the conviction and dismiss the indictment. Judges Simons, Bellacosa and Levine concur with Judge Smith; Chief Judge Kaye dissents and votes to reverse in a separate opinion in which Judges Titone and Ciparick concur.
Order affirmed.

 In People v Cade (74 NY2d 410, 416), the Court held that there is no strict time limit for filing the indictment, not that an indictment is valid without being filed.