■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR GONZALEZ-RODRIGUEZ, Respondent. [667 NYS2d 583] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing a superseding indictment, No. 828/94. That indictment had been filed while there was a pending motion to dismiss the superseded indictment, No. 768/94, on the ground that it had been obtained in violation of defendant's right to testify before the Grand

Jury. County Court held that, upon dismissal of the first indictment, the People were required to obtain leave to present the matter to a new Grand Jury, but failed to do so.

County Court erred in dismissing the superseding indictment. Pursuant to CPL 200.80, the People are authorized, even without leave of court, to obtain a new indictment to supersede a pending indictment, and may do so during the pendency of a motion to dismiss the first indictment (*see, People v Cade*, 74 NY2d 410, 416-417, citing *People v Leyra*, 1 NY2d 199, 202-203; *see also, Matter of De Canzio v Kennedy*, 67 AD2d 111, 119-120, *lv denied* 47 NY2d 709; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.80).

Upon defendant's arraignment on the superseding indictment, the first indictment was automatically dismissed because the second indictment was identical to the first and thus superseded every count of the first. There was, therefore, no need for the People to seek leave to re-present. In such circumstances, "no subsequent ruling on that motion [to dismiss the first indictment] will affect the validity of the superceding indictment" (Preiser, Practice Commentaries, *op. cit.*, citing *People v Cade, supra,* at 416-417). We thus reverse the order, deny the motion, reinstate indictment No. 828/94 and remit the matter to Monroe County Court for further proceedings on that indictment. (Appeal from Order of Monroe County Court, Connell, J.—Dismiss Indictment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ. *[See,* 167 Misc 2d 260.]