■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY EASON, Appellant. [721 NYS2d 775] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered February 29, 2000, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIVINGSTON GAYLE, Appellant. [721 NYS2d 776] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 2, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was no violation of his right to appear before the Grand Jury pursuant to CPL 190.50. "By providing timely notice reasonably prior to Grand Jury presentment and vote, defendants establish their statutory right to testify before a vote is taken, assuming, of course, that any failure to afford these individuals a prevote appearance is not attributable to defendants themselves" (People v Evans, 79 NY2d 407, 415). Here, the defendant gave notice to appear before the Grand Jury after it had voted to indict, albeit before the indictment was filed. Therefore, he was properly relegated to testifying before a Grand Jury which had already voted to indict (see, People v Evans, supra, at 413-414; People v Cade, 74 NY2d 410, 415; People v Dillard, 160 AD2d 472; People v Young, 138 AD2d 764, 765).

The court's justification charge was balanced and the court only marshalled the evidence to the extent necessary to explain the application of the law to the facts (see, People v Saunders, 64 NY2d 665). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.