OPINION OF THE COURT
Alan D. Marrus, J.
The defendant moves to dismiss his indictment for sexual abuse in the first degree (56 counts), sexual abuse in the second degree (51 counts), and endangering the welfare of a child, alleging three separate and distinct grounds for dismissal: (1) his case was not timely resubmitted to the Grand Jury following a dismissal of the same charges in a prior *399 indictment; (2) his right to testify in his own behalf before the Grand Jury was violated; and (3) his right to a speedy trial, pursuant to CPL 30.30, has been violated. The motion is denied on all grounds.

The Resubmission to the Grand Jury

On December 13, 1989, this court dismissed the prior indictment against the defendant and granted the People leave to re-present the case to another Grand Jury within 45 days. On January 26, 1990, the People applied for and received permission from the court to extend the time for resubmission for two weeks, to February 9, 1990. On February 9, 1990, following presentation of the People’s case, the Grand Jury voted the instant indictment against the defendant. The defendant contends in his motion to dismiss that the prosecutor "arrogantly ignored” the court order permitting the case to be represented and did not reindict the defendant until May 1, 1990.
The defendant’s contention can be summarily rejected. The indictment was voted within the time period authorized by the court and was, in fact, filed with the court on March 5,1990.

The Defendant’s Right to Testify Before the Grand Jury

Of greater moment is the defendant’s claim that he was denied his right to testify before the Grand Jury which indicted him. On December 13, 1989, the date the prior indictment was dismissed, the defendant served the People in court with written notice of his intention to testify before the Grand Jury. The District Attorney re-presented the case and took a vote of the Grand Jury without making any attempt to contact the defendant or his attorney to arrange for his testimony. After the indictment was voted and before it was filed, the prosecutor recognized her error and made attempts to notify the defendant and his attorney to afford the defendant his right to testify. The District Attorney telephoned defense counsel on February 18, or 19, and again on February 21, 1990, but was informed that counsel could not reach the defendant and that the only contact information he had was the complainant’s address and telephone number. The District Attorney advised defense counsel that she would withhold filing of the indictment until February 23, 1990, and sent him a letter to that effect. The indictment was, in fact, forwarded for filing on February 23, 1990. The defendant was neither seen nor heard from again until he was arrested on new charges on May 24, 1990, and a warrant for his arrest on the new indictment was executed against him.
*400 The question presented is: has the defendant’s right to testify before the Grand Jury been violated where he serves written notice of his intention to testify, the District Attorney re-presents the case and takes a vote without first notifying the defendant, and then, recognizing the mistake after the vote but before the filing of the indictment, contacts the defendant’s attorney who is unable to locate the defendant because he has no accurate address or telephone number for his client? Under these circumstances, the court concludes that the defendant’s right to testify before the Grand Jury has not been violated.
CPL 190.50 (5) (a) makes it clear that "the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”. The CPL provision expanded the rights of a criminal defendant from those contained in the former Code of Criminal Procedure in that now, once arraigned upon an as yet undisposed-of felony complaint, he is entitled to notification of the Grand Jury proceeding. A defendant is, therefore, now protected from a prosecutor "suddenly and secretly 'lifting’ the case out of the lower court and into the grand jury at a time when a defendant has no reason to believe a grand jury proceeding to be in progress.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, at 279.)
Here there was no pending case in the Criminal Court at the time the case was re-presented to a Grand Jury. Nevertheless, the defendant protected his right to be notified and to testify before the Grand Jury by filing a prophylactic notice of his intention to testify before the Grand Jury should the case be re-presented.
A defendant’s right to testify before a Grand Jury is regarded as a significant one. (People v Jordan, 153 AD2d 263, 266 [2d Dept 1990].) There must be "actual”, rather than technical, notice to a defendant (supra, at 266).
One appellate court has specifically rejected the type of practice engaged in by the prosecutor here, i.e., "to withhold, until after a Grand Jury has voted an indictment, but before it files it, notice to a defendant to appear to testify, when that defendant has given written notice to the District Attorney of his intent to testify, even before the Grand Jury received the case.” (People v Bey-Allah, 132 AD2d 76, 82 [1st Dept 1987].)
*401 It could be argued from the authorities cited above that the defendant’s right to testify before the Grand Jury was violated and the indictment must, therefore, be dismissed. After all, the defendant here served timely notice of his intention to testify, but the prosecutor ignored the notice, re-presented the case, secured an indictment, and then sought to rectify the error by offering to have the defendant testify before the same Grand Jury which voted to indict him. But the issue is not quite that simple.
It would be a mistake to read this or any other statute so literally that the interpretation leads to an absurd result. There is a "basic tenet which commands avoidance of self-defeating literalism and mandates that a statute be construed in such a way that its objectives are furthered, not frustrated.” (People v Jordan, supra, at 267.)
Although CPL 190.50 mandates that a defendant must be accorded a reasonable time to appear as a witness before the Grand Jury, "[t]he concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case.” (People v Taylor, 142 Misc 2d 349, 351 [Sup Ct, Queens County 1989].) In Taylor, the court ruled that while the prosecutor’s notice to the defendant on the same day the case was being presented to the Grand Jury was not reasonable, a subsequent offer by the People to reopen the proceedings after the indictment was voted but before it was filed cured the defect. (But see, People v Bey-Allah, supra.)
Here the key fact which distinguishes this case from all of the other reported decisions on the subject is that the defendant’s whereabouts, at the time the case was re-presented to the Grand Jury, were unknown to both the prosecutor and defense counsel. By not having furnished his own lawyer with a reliable current address or telephone number, the defendant could not reasonably expect that he would be notified to appear before a Grand Jury at a time when he knew his case was pending resubmission. In the court’s view, the defendant has forfeited any claim that his right to testify before the Grand Jury has been violated when both the prosecutor and the defendant’s own lawyer had no way of getting in touch with him. Indeed, the fact that his next appearance in this case was more than three months later by virtue of an arrest on new charges confirms the defendant’s forfeiture of rights in this matter.
There can be no question that the District Attorney erred in *402 not notifying the defendant prior to resubmission of the defendant’s case to the Grand Jury. The subsequent offer to have the defendant appear and testify before the same Grand Jury which had previously voted to indict the defendant may not have completely cured the defect. The prosecutor’s mistakes here, however, were harmless because the defendant was nowhere to be found. Had the District Attorney followed the letter of the law, it would have made no difference in this case —the defendant was simply not available to testify for a reasonable period of time.
The New York Court of Appeals has recognized that criminal defendants may forfeit their rights to be present at trial and sentencing. (People v Corley, 67 NY2d 105 [1986]; People v Sanchez, 65 NY2d 436 [1985].) Citing the United States Supreme Court decision in Taylor v United States (414 US 17 [1973]) the Court of Appeals declared that " ' "there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.” ’ ” (People v Sanchez, supra, at 443.) A defendant forfeits his right to be present at a trial that has not yet begun if he deliberately leaves the courtroom "after he has been told that the trial is about to begin. * * * [H]is conduct unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed.” (People v Sanchez, supra, at 444.)
So too may the right of a defendant to be present at sentencing be forfeited "when the evidence unambiguously indicates 'a defiance of the processes of law sufficient to effect a forfeiture’ ” (People v Corley, supra, at 109, citing People v Sanchez, supra, at 444). The Court of Appeals has emphasized that important factors in determining a forfeiture of rights to be present at trial or sentencing are: (1) the defendant is aware of the court proceeding; (2) the defendant acts deliberately to frustrate the process; and (3) efforts to secure the defendant’s presence fail.
These principles would seem to apply with equal vigor to a defendant’s right to be present at a Grand Jury proceeding. A defendant should not be able to frustrate the power of a District Attorney to convene a Grand Jury proceeding and the right of a crime victim to present allegations of criminal conduct by serving a notice of intention to testify and then disappearing. Indeed, the power of the Grand Jury to investí *403 gate and indict should not be thwarted by the unavailability of the very target of the Grand Jury proceeding.
The facts in this case establish unequivocally that the defendant was aware of the pending resubmission of charges to a Grand Jury involving sexual abuse. The defendant, who had been in court on a prior indictment for these same charges, was in court when the prior indictment was dismissed and leave to re-present these charges was granted to the People. The defendant manifested this awareness by his service upon the District Attorney in open court of written notice of his intention to testify before the Grand Jury hearing the resubmission.
It is also undisputed that the defendant left no reliable address or telephone number where he could be contacted by the District Attorney, the court, or his own defense attorney. The fact is that the prosecutor communicated with the defendant’s lawyer by telephone and mail in an attempt to locate the defendant for a period of several days, but without success. There is also no dispute that the defendant never contacted his lawyer about the case until he was subsequently arrested on new charges about three months later and a warrant for the defendant’s arrest was executed against him. Prior to the defendant’s arrest, his attorney had been contacted by a police officer seeking to arrange for the defendant’s surrender, but counsel apparently could not locate the defendant even then.
The inescapable inference to be drawn from these facts is that the defendant deliberately made himself unavailable to testify before the Grand Jury. His conduct here constitutes a forfeiture of his right to testify before the Grand Jury.

The Defendant’s Right to a Speedy Trial

The defendant also contends that he has been denied his statutory right to a speedy trial. He argues that one month under the former indictment and seven months following the dismissal of that indictment are chargeable to the People.
The defendant’s less than specific computation of time is inaccurate. The court finds that only 12 days are chargeable to the People under the former indictment, from February 21, 1989 when the defendant was arraigned on the felony complaint, until March 8, 1989, when an indictment was filed. All other time under the former indictment is excludable as time for the People to arrange for the defendant’s arraignment, conferencing of the case without objection by the defendant, *404 and motion practice. The People did, in fact, file a statement of readiness on May 26,1989.
Following dismissal of the indictment, the People are chargeable with 82 days, the time it took them to secure and file an indictment on March 5, 1990. The time from March 5, 1990 until May 29, 1990, when the defendant was arraigned on the indictment, is excludable as time to arrange the arraignment and the unavailability of the defendant, resulting in a warrant for his arrest. The adjournments following the arraignments are excludable as there was no objection by the defense to any of them and the defense requested to make a speedy trial motion.
Thus, a total of 94 days (82 and 12 days) is chargeable to the People. The People have a total of 181 days to be ready in this case. Thus, the motion to dismiss for denial of speedy trial is without merit.
For the above reasons, the defendant’s motion to dismiss is denied in all respects.