■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID EVANS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Dufficy, J.), dated April 9, 1990, which granted the defendant's motion pursuant to CPL 220.20 to dismiss Queens County Indictment No. 104/90 on the ground that the defendant was deprived of his right to appear before the Grand Jury.

Ordered that the order is affirmed.

On this appeal, heard together with the People's related appeals in *People v Oquendo* (172 AD2d 566 [decided herewith]) and *People v Davis* (172 AD2d 554 [decided herewith]), the People challenge the dismissal of an indictment on the ground that the defendant was deprived of his right to appear before the Grand Jury. As was the case in *People v Oquendo (supra),* the defendant requested an opportunity to appear before the Grand Jury and was given a date and time at which to present himself. Again, as in *People v Oquendo (supra),* the defendant's desire to appear before the Grand Jury was

thwarted through the failure of the Department of Correction to produce him on time, and was further frustrated by the prosecutor's having the Grand Jury vote on the matter notwithstanding the inability of the defendant to appear before that body.

For the reasons stated in *People v Oquendo (supra)*, we conclude that the court properly dismissed the indictment. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.