■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN OQUENDO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Calabretta, J.), dated February 9, 1990, which granted the defendant's motion pursuant to CPL 210.20 to dismiss Queens County Indictment No. 14171/89 on the ground that the defendant was deprived of his right to appear before the Grand Jury.

Ordered that the order is affirmed.

On this appeal, heard together with the People's related appeals in *People v Evans* (172 AD2d 557 [decided herewith])

and *People v Davis* (172 AD2d 554 [decided herewith]), the People challenge the dismissal of an indictment on the ground that the defendant was deprived of his right to appear before the Grand Jury. Here, as in the *Evans* and *Davis* appeals, the defendant properly served written notice upon the District Attorney's office pursuant to CPL 190.50 (5) (a), advising of his desire to appear and to testify before the Grand Jury which would be considering criminal charges against him. In turn, the defendant was notified of the date on which the Grand Jury would be convening to hear his case.

The defendant Oquendo was told to present himself to the Grand Jury at 9:30 A.M. on December 22, 1989. Unfortunately, through no fault of his own, the defendant was not produced by the Department of Correction at 9:30 A.M. In fact, at about Noon that day, the defendant's counsel was still awaiting his production. Nevertheless, the People went ahead and presented the matter to the Grand Jury and had obtained an indictment by 2:15 P.M., without the defendant ever having appeared.

The court granted the defendant's subsequent motion to dismiss the indictment, finding that he was "denied his opportunity to appear and testify before the Grand Jury".

On appeal, the People argue, as they did in opposition to the defendant's motion, that the defendant was not denied the opportunity to appear before the Grand Jury because the People offered to "re-open" the proceedings before the same Grand Jury in order to afford him an opportunity to testify, but he declined to appear at that point in the proceedings, *i.e.,* after the Grand Jury had already voted to indict him. We disagree and concur with the court's finding that the defendant was denied his right to appear before the Grand Jury, and therefore, find that the indictment was properly dismissed.

It has been said that a person's right to appear before the Grand Jury must be a "meaningful one" *(see, People v Singh,* 131 Misc 2d 1094, 1096), that is, the defendant is entitled to a meaningful and reasonable opportunity to explain the charges against him *(see, People v Jones,* 126 Misc 2d 104, 106). The opportunity to testify before a Grand Jury which has already considered the matter and voted to indict, is qualitatively different than the right to testify prior to the time that the Grand Jury has been charged and votes. There is no question that a defendant in the former position is at a disadvantage *(see, People v Bey-Allah,* 132 AD2d 76, 81). Accordingly, we hold that where the defendant has fully complied with the

statutory prerequisites (see, CPL 190.50), the right to appear before a Grand Jury (see, CPL 190.50 [5]), in order to be meaningful, must include the right to testify *before* the Grand Jury has voted on the matter.

We note that this holding in no way affects that line of cases dealing with the situation in which the defendant, by failing to give proper or timely notice of his intention to appear before the Grand Jury, may properly be relegated to testifying before a Grand Jury which has already voted to indict (see, e.g., *People v Dillard*, 160 AD2d 472, 473; *People v Young*, 138 AD2d 764, 765; *People v Skrine*, 125 AD2d 507, 508). Under those circumstances, the defendant has effectively waived the right to be heard by a Grand Jury which has not yet voted on the matter.

We further note that to the extent *People v Taylor* (142 Misc 2d 349) purported to hold that an offer to reopen Grand Jury proceedings can effectively "cure" an earlier denial of a defendant's right to appear before the Grand Jury, we decline to follow it.

This proscription on the People's ability to remedy the initial denial of the defendant's right to appear before the Grand Jury by permitting the defendant to testify before a Grand Jury which has already voted to indict, is substantively no different than the People's inability to remedy the defect where the defendant is given no notice of the pendency of Grand Jury proceedings prior to a vote being taken (see, e.g., *People v Bey-Allah, supra; People v Jones*, 148 Misc 2d 398 [Sup Ct, NY County]; *People v Smith*, NYLJ, Jan. 13, 1988, at 15, col 3 [Sup Ct, Kings County]). Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.