OPINION OF THE COURT
Nicholas L. Pitaro, J.
Defendant, Aleksomber Domalevski, moves to dismiss the indictment pursuant to CPL 190.50 (5) (c); 210.20 (1) (c) and *563 210.35 (4) for failure to provide the defendant an opportunity to testify before the Grand Jury. This motion is opposed by the People.
The facts of this case are uncontested. At defendant’s arraignment in Criminal Court, on January 26, 1993, the District Attorney served defense counsel with written notice pursuant to CPL 190.50 (5) (a) of the District Attorney’s intention to submit this case to the Grand Jury. Also at such arraignment, defense counsel served written notice, pursuant to CPL 190.50 (5) (a) of the defendant’s request to testify before the Grand Jury. The defendant was held on bail and the case was adjourned to January 29, 1993, Criminal Court Part AP6. On that date in Part AP6, defendant, with the aid of an interpreter, and with the assistance of, and in the presence of counsel, withdrew on the record, his written notice of intent to testify before the Grand Jury and specifically indicated that he did not wish to testify before the Grand Jury. On that same date of January 29, 1993, the case was presented to the Grand Jury and an indictment was voted upon and a true bill was returned.
January 29, 1993 was the last day of the Grand Jury term. Defendant did not seek to extend the term of the Grand Jury before it was disbanded. On February 3, 1993, five days after the indictment was voted but before filing, defendant, via fax transmission, sought to reassert his right to testify before the Grand Jury. The indictment herein was filed on February 11, 1993.
Notwithstanding the fact that defendant withdrew his notice of intent to testify before the Grand Jury and indicated that he did not wish to testify before the Grand Jury, it is his contention that pursuant to CPL 190.50 (5) (a) his right to testify may be exercised at any time prior to the filing of the indictment. He argues that this right is absolute and does not diminish simply because the Grand Jury has already voted the indictment. (People v Skrine, 125 AD2d 507 [2d Dept 1986].) He further argues that the fact that the Grand Jury had been disbanded should be of no consequence to the court and that the People could avoid such problems by the timely filing of the indictments.
The People contend that defendant was afforded a reasonable and meaningful opportunity to testify before the Grand Jury and that defendant waived that right and failed to preserve it.
*564 It is concluded by this court, in what appears to be a case of first impression, that defendant specifically and affirmatively waived his right to testify before the Grand Jury and that his attempt to reassert such right is invalid under the attendant circumstances.
The applicable statute CPL 190.50 (5) (a) reads as follows: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein” (emphasis supplied).
It has held that a "meaningful” right to testify is a right to testify before a vote is taken (People v Oquendo, 172 AD2d 566 [2d Dept 1991], affd sub nom. People v Evans, 79 NY2d 407 [1992]).
In this case, defendant was afforded a reasonable opportunity to exercise his right to testify. There was no conduct on the part of the District Attorney nor any violation of defendant’s rights that deprived him of his right to testify. It was the defendant who chose not to testify before the Grand Jury after being given proper notice and a reasonable opportunity to do so. The People were entitled to rely upon defendant’s representation made in open court. By withdrawing his notice and specifically indicating that he did not wish to testify before the Grand Jury, defendant waived his right to testify and hence cannot now complain of any violation of that right.
After being advised of defendant’s decision not to testify, the District Attorney proceeded to present the case to the Grand Jury on its last day of the term. It was not the conduct of the District Attorney that deprived the defendant of a *565 reasonable and meaningful right to testify before the Grand Jury but the defendant’s own choice not to do so, by withdrawing his notice of intent to testify. Under the circumstances, dismissal of the indictment pursuant to CPL 190.50 (5) (a) is not warranted.
This court further holds that the failure of the District Attorney to file the indictment prior to the time defendant sought to reassert his right to testify before the Grand Jury is of no consequence in view of defendant’s waiver of his right to testify after being afforded a reasonable and meaningful opportunity to do so.
Under the facts of this case the ministerial act of the filing of the indictment after defendant attempted to reassert his right to testify did not require the District Attorney to impanel a new Grand Jury and make a de nova presentation. Such a procedure is neither mandated nor intended by the relevant statute. Nor is it reasonable. It has the potential for abuse by any defendant who, not having testified, learns of the indictment and then, conceivably even minutes before the filing of the indictment, faxes a demand to testify and demands a de nova presentation.
Accordingly, defendant’s motion to dismiss the indictment is denied.