■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXWELL BROWN, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered May 31, 1988, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and sentencing him to an indeterminate term of from 4½ to 9 years in prison, unanimously affirmed.

The prosecutor's submission of an additional charge to the Grand Jury for consideration during its deliberations with respect to the indictment was not improper. A court order is not necessary for resubmission of a case to the Grand Jury unless there has been an initial refusal by the Grand Jury to indict or a prior court dismissal of the indictment. (People v Cade, 74 NY2d 410, 414-415.)

The arresting officer's testimony, viewed in the light most

favorable to the People, as it must be, was sufficient to support the conviction, and the resolution of any inconsistencies by the jury will not, upon examination of this record, be disturbed. *(See, People v Malizia,* 62 NY2d 755.) The testimony of the officer with respect to his observation of the five transactions prior to his approaching the defendant was properly admitted as relevant to the issue of defendant's intent on the possession count. *(People v Marin,* 157 AD2d 521.) While the admission of the officer's brief statement that he approached defendant after a "conversation" with an individual whom the officer had just observed engage in a transaction with the appellant was error, it does not warrant reversal in and of itself. *(People v Holt,* 67 NY2d 819, 821.) The remainder of the defendant's claims have been reviewed and found to be without merit. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.