■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS FOSTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 25, 1988, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying his motion for a mistrial on the ground that the People failed to call a witness mentioned in the prosecutor's opening statement, a codefendant who had been granted immunity, but refused to testify on the eve of trial on

Fifth Amendment grounds. The defendant concedes that the prosecutor did not act in bad faith in attempting to call the witness. The court properly instructed the jury not to speculate as to the testimony the witness would have given and not to draw any unfavorable inferences from the fact that the witness had become unavailable to the People. Therefore, we conclude that any prejudice to the defendant was cured by the trial court's instruction (see, People v Berg, 59 NY2d 294, 299). Moreover, since the defendant failed to request further curative instructions, he may not assert the inadequacy of the instruction given as error on appeal (see, People v Santiago, 52 NY2d 865).

We further find that the defendant's objection to the trial court's alleged marshaling of the evidence is unpreserved for appellate review since he did not object to it at trial (see, People v McDonald, 144 AD2d 701, 702) and we decline to address it in the exercise of our interest of justice jurisdiction. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.