■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DORSEY, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 24, 1988, convicting defendant, after a jury trial, of two counts of sodomy in the first degree and two counts of sodomy in the second degree and sentencing him to two concurrent indeterminate prison terms of from 8⅓ to 25 years for the first degree counts, a concurrent term of 2⅓ to 7 years on one second degree count, and a consecutive term of 2⅓ to 7 years on the remaining count, unanimously affirmed.

On July 31, 1987, defendant met J., a 13-year-old boy. Defendant offered him a job, and as part of an "exam" conducted in a basement office, defendant demanded that J. remove his shorts and underwear. Later that day, after J. had begun to work, defendant grabbed J. and sodomized him. J. was too frightened to tell his parents what had happened. The following day, defendant again sodomized J., ignoring his struggles and pleas. After the second attack, J. revealed these acts to his family. The next morning, J.'s mother notified police. A hospital examination revealed evidence of anal bruising. A police serologist found a semen stain on the underwear J. had worn during both attacks.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that there was adequate proof that defendant had committed each of the crimes for which he was convicted. While J.'s and the detectives' testimony were sufficient to sustain the convictions, the presence of semen on the bottom of J.'s underwear further corroborated J.'s account of the attacks.

Defendant claims that the underwear was incorrectly admitted into evidence. However, the evidence was "sufficiently connected" with defendant to be relevant to this case *(People v Mirenda,* 23 NY2d 439, 453), and there was a reasonable assurance of identity and unchanged condition. *(People v Julian,* 41 NY2d 340, 343.)

Defendant asserts that the indictment was defective since the prosecutor, after the Grand Jury voted a true bill charging defendant with two counts of sodomy, without the court's permission, reopened the case and asked the Grand Jury to consider additional charges. Under such circumstances where the same Grand Jury had already voted a true bill, the prosecutor was not required to seek the court's permission. *(See, People v Cade,* 74 NY2d 410, 415.) Indeed, the danger of forum shopping was nonexistent in this situation. *(Supra,* at 416.)

We decline to review defendant's unpreserved claims regarding the prosecutor's summation and a purported *Rosario* violation. Were we to address them in the interest of justice, we would nonetheless affirm. The prosecutor's summation was soundly based on the evidence and was an appropriate response to defendant's summation. *(See, People v Colon,* 122 AD2d 150, *lv denied* 68 NY2d 999.) Moreover, the record demonstrates that all the *Rosario* material was properly turned over to the defense.

We have considered defendant's other claims, including that of excessive sentence, and find them to be of no merit. Concur —Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.