■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD LYONS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 17, 1989, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 12:15 A.M. on March 6, 1989, a superintendent of an apartment building heard loud noises coming from outside his building, which he had secured earlier. At approximately 7:10 A.M., the superintendant realized that someone had broken into the building and taken various items from the basement. Later the same day, in the early afternoon, the superintendent heard noises from a third floor apartment in the building. He discovered the defendant at the apartment door, trying to break into the apartment. The defendant fled but was apprehended by the police.

In March 1989 the Grand Jury was presented with evidence of the afternoon incident and voted Indictment Number 3229/89, charging the defendant with attempted burglary in the second degree, possession of burglar's tools, and criminal mischief in the fourth degree. In July 1989 a second Grand Jury was presented with evidence that had been uncovered linking the defendant with the early morning incident and voted Indictment Number 10301/89, charging the defendant with burglary in the second degree, petit larceny, and criminal mischief in the fourth degree. It also considered anew the evidence concerning the afternoon incident and voted superseding charges, including burglary in the second degree. On August 18, 1989, the Supreme Court dismissed Indictment 3229/89, since it had been superseded by Indictment 10301/89. The defendant ultimately was convicted of two counts of burglary in the second degree.

The defendant contends that the burglary count based upon the afternoon incident should be dismissed. Because the first indictment charged the defendant with merely *attempted* burglary, the defendant reasons that the prosecutor was required to obtain leave from the court before it could submit the charge of a completed burglary to the second Grand Jury based upon the same incident. We disagree.

It is only when there is a dismissal, *i.e.*, a rejection of the People's evidence by the initial Grand Jury or court, that the matter may not be resubmitted without court authorization (*see*, CPL 190.75 [3]; *see*, *People v Cade*, 74 NY2d 410, 418; *People v Wilkins*, 68 NY2d 269). Moreover, a superseding indictment may be filed at any time before entry of a plea of

guilty to an indictment or commencement of a trial, without court approval (CPL 200.80; *see, People v Cade, supra,* at 416; *People v Potter,* 50 AD2d 410, 412). In the instant matter, the first Grand Jury was never asked to consider the charge of burglary in the second degree. Hence, this charge was never "rejected" and court approval was not required before the prosecutor could resubmit the matter, present additional evidence, and obtain the superseding indictment *(see, People v Wilkins, supra,* at 274; *People v Dorsey,* 166 AD2d 180, 181).

We also find that the defendant's objection to the trial court's alleged marshaling of the evidence is unpreserved for appellate review since he did not object to it at trial *(see,* CPL 470.05 [2]; *People v Williams,* 168 AD2d 694; *People v Foster,* 164 AD2d 894; *People v Gray,* 144 AD2d 483, 484), and we decline to address it in the exercise of our interest of justice jurisdiction. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.