■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GIUSEPPE GERVASI, Respondent. [623 NYS2d 609] —Appeal by the People from so much of an order of the County Court, Suffolk County (Jones, J.), dated October 27, 1993, as granted that branch of the defendant's motion which was to dismiss count one of Suffolk County Indictment No. 671A/93 charging criminally negligent homicide.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to dismiss count one of Suffolk County Indictment No. 671A/93 charging criminally negligent homicide is denied, that count is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

On November 25, 1992, at about 8:30 P.M., the defendant and Eugene Fortunato were engaged in an altercation with the deceased, John Gunacar. During the altercation, while Gunacar was on one knee after having received a number of blows, the defendant kicked Gunacar in the head, causing his head to hit a wall. Approximately 12 days later, Gunacar died.

A Grand Jury considered evidence against the defendant

and Fortunato relating to a variety of counts including manslaughter in the first degree, manslaughter in the second degree, assault in the second degree, and assault in the third degree. As the Grand Jury foreperson was announcing that jury's findings, and after the announcement of a finding of no true bill as to the manslaughter counts regarding both this defendant and Fortunato, an Assistant District Attorney interrupted the proceedings. The Assistant District Attorney then instructed the Grand Jury regarding criminally negligent homicide. After some discussion, but without any further presentation of evidence, the Grand Jury voted a true bill on that charge as to this defendant, but no true bill as to Fortunato. The Grand Jury subsequently found no true bill as to all of the other counts against the defendant, except for assault in the third degree as to which it also indicted Fortunato, who subsequently pleaded guilty to that charge.

In general, a court order is not necessary for submission of a charge to a Grand Jury unless there had been a refusal by the Grand Jury to indict or there had been a prior superior court order dismissing the indictment (see, People v Cade, 74 NY2d 410; People v Lyons, 178 AD2d 552). Since the Grand Jury had not been instructed to consider criminally negligent homicide (Penal Law § 125.10), there had been no rejection and the charge could be submitted without prior court approval (see, People v Cade, supra, at 415; see also, People v Lyons, supra, at 553; People v Dorsey, 166 AD2d 180; People v Brown, 160 AD2d 659).

We disagree with the County Court's finding that the Assistant District Attorney impaired the integrity of the Grand Jury by interrupting the Grand Jury's report on its deliberation. The factual predicate on which the court relied, the withholding of the lesser-included offense of criminally negligent homicide from the Grand Jury's consideration until after their initial deliberations, and the Assistant District Attorney's responses to inquiries by Grand Jurors as to the timing of the additional instruction, does not amount to impermissible coercion (cf., People v Groh, 57 AD2d 389) from which prejudice to the defendant may result (see, CPL 210.35 [5]). The Assistant District Attorney clearly and unequivocally left to the Grand Jury the ultimate decision on how to vote on criminally negligent homicide.

We have also examined the evidence presented and find it to be legally sufficient to sustain the charge of criminally negligent homicide (see, People v Lewis, 165 AD2d 901). Balletta, J. P., Thompson, Joy and Florio, JJ., concur.