Ronald DORSEY, Petitioner–Appellant,

v.

Frank IRVIN, Respondent–Appellee.

No. 1406, Docket 94–2371.

United States Court of Appeals,
Second Circuit.

Argued May 2, 1995.

Decided May 30, 1995.

David A. Lewis, Legal Aid Society, Federal Defender Div., Appeals Bureau, New York City, for petitioner-appellant.

Monica R. Jacobson, Asst. Atty. Gen., New York City (G. Oliver Koppell, Atty. Gen. of State of N.Y., of counsel), for respondent-appellee.

Before: OAKES, WINTER, and MINER, Circuit Judges.

WINTER, Circuit Judge:

Ronald Dorsey appeals from Judge Stanton's denial of his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Stanton granted a certificate of probable cause, and we appointed counsel to brief and argue the appeal. We remand so that Dorsey may have an opportunity to amend his petition.

Dorsey was convicted in New York state court of two counts of sodomy in the first degree and two counts of sodomy in the second degree. At trial, the prosecution argued that Dorsey sodomized a thirteen-year-old boy twice over the course of two days. At trial, the boy identified Dorsey as the man who assaulted him. A doctor who examined the boy testified to the existence of a bruise at complainant's anal opening consistent with anal intercourse. However, the lining of the anal canal had no lacerations or tears. A police detective testified that complainant's underwear was stained with semen. Based on the limited record before us, scientific tests of the semen on the underwear appear to have been inconclusive. Apparently, however, the jury did not hear testimony regarding the results of the scientific tests. The prosecutor's summation emphasized that the presence of semen on complainant's underwear corroborated the charges of sodomy. Indeed, the prosecutor pointed to the underwear during summation.

Dorsey was sentenced to two concurrent terms of eight-and-one-third to twenty-five years for the two counts of first degree sodomy, another concurrent term of two-and-one-third to seven years for one of the second degree sodomy counts, and another term of two-and-one-third to seven years, which is to run consecutively, for the other second degree sodomy count. In arriving at these sentences, the court mentioned Dorsey's arrest record that suggested the repeated molestation of children.

■ The instant petition alleges due process violations in: (i) the admission of evidence of the semen stain on the victim's underwear, (ii) the prosecution's references to the semen stain during summation, and (iii) the sentencing court's use of Dorsey's arrest record. These claims are exhausted because Dorsey raised them on direct appeal to New York's Appellate Division, *People v. Dorsey*, 166 A.D.2d 180, 560 N.Y.S.2d 296, 297 (1990), Dorsey applied for, and was denied, leave to appeal to New York's Court of Appeals, *People v. Dorsey*, 76 N.Y.2d 1020, 565 N.Y.S.2d 770, 566 N.E.2d 1175 (1990), and state collateral review is unavailable, N.Y.Crim.Proc.Law § 440.10(2)(a) (McKinney 1994) (barring collateral review if claim raised and addressed on direct appeal).

■ Dorsey's claim that admission of the boy's underwear violated due process fails on the present record. The underwear was relevant because it was worn at the time of the alleged crime. Although the laboratory tests indicated the presence of semen from someone other than Dorsey, they seem not to have excluded the possibility that his semen was also present. We cannot say, therefore, that admission of the underwear violated due process.

■ However, we do note that the jury never heard evidence regarding the inconclusive results of the tests performed on the underwear, and the record does not reliably inform us as to the probabilities regarding various possible sources of the semen. There is, therefore, some chance that substantial exculpatory evidence was never presented to the jury. Moreover, the present record leaves some doubt as to whether or when defense counsel was given the results of the laboratory tests.

In the instant appeal, Dorsey's counsel could not pursue a claim of ineffective assistance of counsel resulting from a failure to investigate or use available scientific evidence, *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or a claim that the prosecution withheld scientific evidence regarding the testing

of the complainant's underwear, *see Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because these claims were not raised in Dorsey's *pro se* habeas petition. We believe that the best course is to remand to the district court so that Dorsey, now represented by counsel, may amend his habeas petition to include such claims, at least to the extent they are procedurally viable. Of course, we express no views on the substantive or procedural merits of such claims.

■ We believe that Dorsey's claim regarding the prosecution's summation should also be remanded. The Appellate Division found Dorsey's claim regarding the prosecution's summation barred because Dorsey failed to object at trial. *People v. Dorsey,* 560 N.Y.S.2d at 297. Whether Dorsey has shown cause and prejudice for this procedural default may depend in part on the viability of an ineffective assistance or *Brady* claim, *see Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), and we therefore do not resolve that issue on this appeal.

■ Dorsey's third claim on this appeal is that the sentencing court violated due process by considering Dorsey's arrest record during sentencing. No federal constitutional issue arises from considering prior arrests when a state sentence is within the range allowed by state law. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992) (per curiam). There is, therefore, no due process violation.

We remand for further proceedings in accordance with this opinion.