**Michael HARDEN, Petitioner,**

v.

**Sheila VAUGH, Superintendent George R. Vierno Center for Men, Respondent.**

**No. 95 Civ. 2273(CBM).**

United States District Court, S.D. New York.

Jan. 11, 1999.

*Memorandum Opinion*

MOTLEY, District Judge.

### BACKGROUND

On April 6, 1995, *pro se* prisoner petitioner Michael Harden ("Harden") filed a petition for writ for habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was being held in custody in violation of the Constitution and federal law. Plaintiff challenges his incarceration on the grounds that: (1) the indictment was not jurisdictionally or statutorily well-founded and omits identifying the Petitioner, and merely names "The Defendant"; and (2) his trial attorney's failure to move for dismissal after violation of the New York's Speedy Trial Act constituted ineffective assistance of counsel. The court finds and concludes that plaintiff did not exhaust his available state remedies as to these two claims. Therefore, the court dismisses this case, without prejudice, so that plaintiff may comply with the exhaustion requirement under 28 U.S.C. § 2254(b).

## I. Procedural History

On April 10, 1979, Harden was convicted after a jury trial in New York Supreme Court for the criminal sale of a controlled substance in the first, second, and third degrees. Petitioner was sentenced to concurrent indeterminate sentences of imprisonment of one, six, and fifteen years to life. His conviction was affirmed, without opinion, by the Appellate Division, First Department on May 19, 1981. *See People v. Harden*, 81 A.D.2d 1045, 439 N.Y.S.2d 786 (1st Dept. 1981). The New York Court of Appeals denied Harden's application for leave to appeal on June 30, 1981. *See People v. Harden*, 54 N.Y.2d 685, 443 N.Y.S.2d 1039, 426 N.E.2d 763 (N.Y.1981).

On April 30, 1987, petitioner moved, *pro se*, for an order to vacate his judgment pursuant to C.P.L. § 440.10. Harden argued that his judgment should be overturned because: (1) the state court lacked jurisdiction to convict and sentence him because the appointment of the convicting judge was declared null and void by the Court of Appeals; (2) the police officers and assistant district attorneys misrepresented the integrity of the court and the District Attorney's office; (3) new evidence was discovered after the trial; and (4) the conviction was obtained in violation of the Constitution. *Respondent's Affidavit in Support of Motion to Dismiss* (hereafter *"Resp't Aff."*), ¶ 3. Harden filed a supplemental affidavit to his § 440 motion on March 16, 1988, claiming that he recently obtained police reports relating to his case that were not disclosed as *Rosario* material during trial. *Resp't Reply Mem., Exh. A*, pp. 2–4. Harden's § 440 motion was denied, and his request for leave to appeal to the Appellate Division, First Department was denied on May 9, 1998. *Resp't Reply Mem., Exh. B*, p. 2.

On July 30, 1990, petitioner filed a second § 440 motion to vacate his conviction, alleging that (1) he was denied effective assistance of counsel at trial because his trial counsel failed to: (a) make substantive motions to request written or recorded statements of the prosecution's witnesses prior to trial, (b) object to the testimony of a chemist and other hearsay statements, and (c) object to the prosecution's failure to comply with discovery rules regarding the disclosure of *Rosario* materials before trial; and (2) improper conduct by the prosecution that caused prejudice against him during trial was not recorded on the record. *Resp't Aff., Exh. C,* ¶ 28–29. On January 8, 1991, petitioner's motion was granted, but subsequently reversed and remanded by the Appellate Division on December 29, 1992 for a hearing to determine whether there was actual prejudice to the petitioner as a result of the withheld *Rosario* material. *Resp't Aff.,* ¶ 8. After conducting that hearing, the court denied petitioner's July 30, 1990 § 440 motion. *Id.*

Petitioner then filed an application for writ of habeas corpus on April 6, 1995 in federal court. Plaintiff claims that he is being unlawfully imprisoned based on the following: (1) the indictment was not jurisdictionally or statutorily well-founded and omits identifying the petitioner, and merely names "The Defendant"; and (2) his trial attorney's failure to move for dismissal after violation of the New York's Speedy Trial Act constituted ineffective assistance of counsel. *Resp't Aff., Exh. D.*

On February 14, 1996, the government moved for dismissal of Harden's petition on the grounds that Harden had not exhausted his available remedies in state court as required under 28 U.S.C. § 2254(b). Respondent claims that Harden's collateral attack of his conviction on the grounds of ineffective assistance of counsel, although raised in state court, is premised on a different body of facts than what was asserted in petitioner's habeas petition. *Resp't Aff.,* ¶ 11. Respondent claims that in petitioner's second § 440 motion, he alleged that "his trial counsel failed to request prior written and recorded statements, never objected to the chemist, failed to comply with rules of discovery and failed to move for mistrial because of the people's failure to comply with discovery" *Id.* However, petitioner's habeas application is based on the failure of trial counsel to move for dismissal under New York's Speedy Trial Act. Thus, respondent claims that petitioner has not met the exhaustion requirement under 28 U.S.C. § 2254 since the factual basis of the

habeas petition differs from that asserted by petitioner in his § 440 motion.

## II. Plaintiff Has Failed to Exhaust His State Court Remedies

28 U.S.C. § 2254(b), provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

In Harden's affidavit in opposition to respondent's motion to dismiss, he admits that he raised only three issues in his first C.P.L. § 440 motion filed on April 30, 1987 to collaterally attack his conviction: "a) The Court lacked jurisdiction based on the decision of *Morgenthau vs. Cooke,* 56 N.Y.2d 24, 451 N.Y.S.2d 17, 436 N.E.2d 467[ (1986)], b) Petitioner was denied his due process and Equal Protection rights, under State and Federal Constitution, and c) Newly Discovered Evidence" *Pet'r Aff.,* ¶ 5. Petitioner's supplemental affidavit to that motion addressed solely the post-trial discovery of police reports relating to his case. Petitioner further acknowledges that in his second § 440 motion, he premised his ineffective assistance of counsel claim on the failure of his trial counsel to make the appropriate motions and discovery requests, and counsel's failure to object to the government's non-disclosure of certain *Rosario* material. *Id.*

■ It is well-settled law that before a federal court can reach the merits of a habeas petition, the constitutional issue must have been "fairly presented" to the highest state court from which a decision can be had. *See Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye v. Att'y Gen. of State of New York,* 696 F.2d 186, 191 (2d Cir.1982) ("The requirement that federal courts not exercise habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law expresses respect for our dual judicial system . . ."). The exhaustion requirement places a duty on the petitioner to raise in state court all the essential factual and legal allegations relied on in the petition for a writ of habeas corpus. *See Dorsey v. Kelly,* 112 F.3d 50, 52 (2d Cir. 1997).

■ Under these circumstances, this court finds that Harden has failed to exhaust his state remedies. Petitioner has failed to show that he raised his claim that the "indictment was not jurisdictionally or statutorily well-founded and omits identifying the Petitioner, and merely names 'The Defendant' " in any state court proceeding. Further, petitioner has failed to fairly present his ineffective assistance of counsel claim in state court because the factual circumstances underlying petitioner's habeas petition vary from those asserted in his § 440 motion. Therefore, the state court cannot be said to have had a fair opportunity to rule upon petitioner's claim as presented here.

### CONCLUSION

The court finds and concludes that plaintiff has failed to exhaust his available state court remedies as required under 28 U.S.C. § 2254(b) by not raising the same factual basis for his claim in federal court as was asserted at the state level. Therefore, this action is dismissed, without prejudice, so that plaintiff may first file his claims in state court.