Appeal by the defendant from a judgment of Supreme Court, Queens County (Hollie, J.), rendered February 29, 2012, convicting him of assault in the second degree (three counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the grand jury proceeding did not fail to conform to the requirements of CPL *755 article 190 to such a degree that the integrity thereof was impaired (see People v Aarons, 2 NY3d 547, 552 [2004]; People v Huston, 88 NY2d 400, 409 [1996]; People v Gervasi, 213 AD2d 420 [1995]).
The defendant correctly contends that the evidence was legally sufficient to support an alibi defense and, thus, the Supreme Court improperly denied his application for an alibi charge (see People v Warren, 76 NY2d 773, 775 [1990]; People v Jack, 74 NY2d 708, 709 [1989]; People v Holt, 67 NY2d 819, 820 [1986]). However, because the court’s charge as a whole correctly conveyed the People’s trial burden, reversal is not warranted (see People v Warren, 76 NY2d at 775; People v Edwards, 3 AD3d 504, 504-505 [2004]).
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in precluding defense counsel from making certain summation comments because they lacked a good faith basis in the record and rested on speculation (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Barton, 19 AD3d 304, 305 [2005]). The court’s rulings did not impair the defendant’s right to deliver a summation and present a defense.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt as to assault in the second degree (three counts) was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).
Rivera, J.P, Chambers, Austin and Duffy, JJ., concur.