■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HERBERT MORALES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered March 13, 1985, convicting him of murder in the first degree (two counts), attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, we conclude that the introduction at trial of certain incriminating statements made by the defendant in the presence of and directly to law enforcement officials does not mandate a reversal of his conviction.

The first statement challenged by the defendant on appeal, in sum and substance, imparted that the murder weapon had accidentally discharged when grabbed by the victim. We find that this statement, even if erroneously admitted, could not have contributed to defendant's conviction (see, People v Crimmins, 36 NY2d 230, 237) in view of the facts that the defendant had admitted to several witnesses that he had purposefully shot the victim, that at least five witnesses testified that the defendant had informed them of his plans and intent to commit the robbery, and that he had previously displayed to some of these witnesses certain objects which were later found at the scene of the crime, and, finally, in view of the defendant's highly damaging subsequent confession, which was properly admitted at trial. In this regard, we note, moreover, that the People also adduced ample circumstantial evidence linking the defendant to the crimes for which he now stands convicted. This evidence included footprints, found at the scene of the crime, which matched the soles of the defendant's sneakers; fibers, retrieved from the crime scene, which were identical to fibers discovered in the vehicle utilized during the crime; tire tracks matching the tires of this vehicle; chemically analyzed urine samples which were consistent with the defendant's blood type; and expended shot pellets recovered during the autopsy of the victim which proved to be identical to those in ammunition later seized from the codefendant's home. Accordingly, it cannot fairly be said that the introduction of the subject statement had any real bearing on the jury's verdict, considering the independent and overwhelming proof of guilt adduced by the prosecution.

Nor do we find merit in the defendant's contention that his subsequent confession, which was made at police headquarters, after the administration of *Miranda* warnings, was legally infirm since it was not preceded by an effective waiver of his constitutional rights. The thrust of the defendant's argument is that any purported waiver should have no legal force or effect because it was made without the presence of counsel although he was being represented by an attorney on pending unrelated charges.

The Court of Appeals, in *People v Bartolomeo* (53 NY2d 225), held that if the police have actual knowledge of a pending, unrelated charge against a defendant, they are obliged to inquire as to whether he is being represented by counsel with respect to that charge. The police, in the case at bar, fulfilled this obligation. Indeed, the record discloses that the police, who were aware of the existence of a pending charge against the defendant, affirmatively inquired as to the status of this charge. The defendant, in turn, responded that he had already pleaded guilty and that he did not have an attorney representing him with respect to that or any other pending charge. It was, therefore, entirely reasonable and lawful for the police to proceed with questioning in light of the defendant's representations *(see, People v Bertolo,* 65 NY2d 111; *People v Lucarano,* 61 NY2d 138, *rearg denied sub nom. People v Walker,* 62 NY2d 803; *People v Alver,* 111 AD2d 339).

We have reviewed defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be devoid of merit. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.