◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BOSTIC, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered January 31, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Potoker, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly refused to suppress, on Sixth Amendment grounds, the defendant's inculpatory postarrest statements to a detective. Once the detective ascertained from police records that the dispositions of three prior unrelated cases against the defendant were unknown, he questioned the defendant regarding the status of those cases. The defendant informed him that the cases had been "cleared up". It was reasonable for the detective to rely on the defendant's statements and to conclude that there were no other cases pending against the defendant. Accordingly, the detective was not obligated to conduct a further investigation into whether the defendant was represented by counsel in a pending case (see, *People v Lucarano*, 61 NY2d 138, *rearg denied sub nom. People v Walker* 62 NY2d 803; *People v Morales*, 133 AD2d 281; *People v Marshall*, 98 AD2d 452).

The defendant's additional challenges to the voluntariness of his statements were not advanced at the suppression hear-

ing or at trial and are, therefore, waived *(see,* CPL 710.70 [3]; *People v Martin,* 50 NY2d 1029, 1031). Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find either that they are meritless, or that any error of law with respect thereto has not been preserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.