# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**801**

**KA 14-00532**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

GERALD MOSS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered March 17, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted and the indictment is dismissed without prejudice to the People to re-present any appropriate charges under counts one and three of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]). We agree with defendant that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 210.35 (4) because he was denied his right to testify before the grand jury. It is undisputed that, on March 1, 2013, defendant sent a written letter to the District Attorney stating that "the defendant herein demands the right, pursuant to CPL [190.50 (5) (a)], to testify in any Grand Jury proceedings, concerning the above titled action, prior to any voting of said Grand Jury, concerning the allegations contained in the above titled complaint." We conclude that defendant's letter satisfied the statutory requirements for notifying the People of a request to appear before the grand jury inasmuch as the letter was served upon the District Attorney prior to the filing of an indictment, asserted defendant's right to appear in an impending grand jury proceeding, and set forth an address to which communications may be sent (*see* CPL 190.50 [5] [a]; *People v Evans*, 79 NY2d 407, 412). Pursuant to CPL 190.50 (5) (b), "[u]pon service upon the district attorney of notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must . . . serve upon the applicant . . . a notice that he

will be heard by the grand jury *at a given time and place*" (emphasis added). "The requirements of CPL 190.50 are to be strictly enforced" (*People v Kirk*, 96 AD3d 1354, 1359, *lv denied* 20 NY3d 1012 [internal quotation marks omitted]).

Here, we conclude that, after receiving defendant's March 1, 2013 request to appear before the grand jury, the People did not provide defendant with notice "of the time and place of the grand jury presentation" (*People v Caswell*, 56 AD3d 1300, 1302, *lv denied* 11 NY3d 923, *reconsideration denied* 12 NY3d 781, *cert denied* 556 US 1286; *see People v Pattison*, 63 AD3d 1600, 1601), as is required by CPL 190.50 (5) (b), and we therefore reverse. We note that, on March 25, 2013, the People sent a letter to defense counsel stating that, "during the week of April 8, 2013, the Erie County Grand Jury will hear testimony concerning this matter. In accordance with CPL 190.50, should your client wish to testify, please clearly state so, in writing, no later than April 5, 2013, so that I can make the necessary arrangements to receive his testimony." Although that letter would have been sufficient to satisfy the initial and separate requirement set forth in CPL 190.50 (5) (a) that the People notify defendant of his right to appear before the grand jury (*see generally People v Sawyer*, 96 NY2d 815, 816, *rearg denied* 96 NY2d 928), the letter did not satisfy the requirements of CPL 190.50 (5) (b) to inform defendant of the time and place of the grand jury presentation, which were triggered by defendant's March 1, 2013 request to appear before the grand jury. It is of no moment that defendant did not respond to the People's letter because nothing in CPL 190.50 requires a defendant to resubmit a valid notice pursuant to CPL 190.50 (5) (a) when he has already done so. We further note that the prosecutor's oral statement to defense counsel on April 10, 2013 that "he will be presenting the matter to the Erie County Grand Jury the next day" was insufficient to satisfy the notice requirement inasmuch as it did not provide defendant with the requisite notice of the time and place of the grand jury presentation (*see* CPL 190.50 [5] [b]; *see generally Caswell*, 56 AD3d at 1302).

In light of our determination, we do not address defendant's contention that he was denied effective assistance of counsel or his challenge to the severity of the sentence. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  October 7, 2016                           Frances E. Cafarell
                                                    Clerk of the Court