# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

97

KA 13-01880

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHAROD P. WHITE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered September 4, 2013. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted, and the indictment against defendant is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [1]). Defendant contends that he was deprived of his right to testify before the grand jury and that County Court thus erred in denying his motion to dismiss the indictment pursuant to CPL 190.50 (5) (c) and CPL 210.35 (4) (*see* CPL 210.20 [1] [c]). We agree. CPL 190.50 (5) (a) provides that a defendant's request to testify is timely as long as it is made prior to the filing of the indictment (*see People v Evans*, 79 NY2d 407, 412; *People v Moss*, 143 AD3d 1269, 1270). Here, defendant's January 15, 2013 letter, which "satisfied the statutory requirements for notifying the People of a request to appear before the grand jury" (*Moss*, 143 AD3d at 1270), was received by the District Attorney on January 17, 2013, prior to the filing of the indictment on January 25, 2013. Contrary to the contention of the People and the rationale of the court, it is of no moment under the statute that defendant's request to testify was not received until the day after the grand jury had voted to issue an indictment and several days after the deadlines set forth in the two grand jury notices given by the People to defendant. As the Court of Appeals has noted, a defendant has a right "under CPL 190.50 (5) (a) to provide notice and, therefore, the concomitant right to give testimony even perhaps after an indictment

has been voted but before it is filed" (*Evans*, 79 NY2d at 414).
Where, as here, defendant's request to testify is received after the
grand jury has voted, but before the filing of the indictment,
defendant is entitled to a reopening of the proceeding to enable the
grand jury to hear defendant's testimony and to revote the case, if
the grand jury be so advised (*see People v Dillard*, 160 AD2d 472, 473,
*lv denied* 76 NY2d 847; *People v Young*, 138 AD2d 764, 765, *lv denied* 72
NY2d 868; *see generally Evans*, 79 NY2d at 414-415; *People v Cade*, 74
NY2d 410, 415, 417).

We reject defendant's contention that the evidence is legally
insufficient to support the conviction (*see generally People v
Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in
light of the elements of the crimes in this bench trial (*see People v
Danielson*, 9 NY3d 342, 349), we reject defendant's further contention
that the verdict is against the weight of the evidence (*see generally
Bleakley*, 69 NY2d at 495).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court