People v Royal-Clanton (2021 NY Slip Op 04856)





People v Royal-clanton


2021 NY Slip Op 04856


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


578 KA 18-02187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PRINCE ROYAL-CLANTON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Rory A. McMahon, A.J.), rendered September 4, 2018. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree and attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted, and the amended indictment is dismissed without prejudice to the People to re-present any appropriate charges under counts one and two of the amended indictment to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and attempted rape in the first degree
(§§ 110.00, 130.35 [1]). Defendant contends that he was deprived of his right to testify before the grand jury and that the court (Brunetti, A.J.) thus erred in denying his motion to dismiss the amended indictment pursuant to CPL 190.50 (5) (c). We agree. "CPL 190.50 (5) (a) provides that a defendant's request to testify is timely as long as it is made prior to the filing of the indictment" (People v White, 147 AD3d 1492, 1493 [4th Dept 2017]). Here, defendant's June 8, 2017 notice, which " 'satisfied the statutory requirements for notifying the People of a request to appear before the grand jury' " (id.), was received by the District Attorney on the same day, prior to the filing of the amended indictment on June 9, 2017. Contrary to the contention of the People and the rationale of the court, it is of no moment under the statute that defendant had previously declined the opportunity to testify (see People v Kellman, 156 Misc 2d 179, 180-183 [Sup Ct, Kings County 1992]). "Where, as here, defendant's request to testify is received after the grand jury has voted, but before the filing of the indictment, defendant is entitled to a reopening of the proceeding to enable the grand jury to hear defendant's testimony and to revote the case, if the grand jury be so advised" (White, 147 AD3d at 1493).
Defendant's contention that the suppression court failed to adequately set forth its findings of fact and conclusions of law at the end of the suppression hearing is unpreserved for appellate review (see People v Junior, 119 AD3d 1228, 1231 [3d Dept 2014], lv denied 24 NY3d 1044 [2014]; People v Perez, 89 AD3d 1393, 1395 [4th Dept 2011], lv denied 18 NY3d 961 [2012]; People v Hunt, 187 AD2d 981, 982 [4th Dept 1992], lv denied 81 NY2d 887 [1993]), and defendant's further contention regarding the voluntariness of his statements was, under the circumstances of this case, waived (see generally CPL 710.70 [3]; People v Bostic, 144 AD2d 477, 477-478 [2d Dept 1988], lv denied 73 NY2d 889 [1989]).
In light of our determination, we need not consider defendant's remaining contentions.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court